## THE STATE v. BATES.

1. **Criminal law: ASSISTING PRISONER TO ESCAPE.** To assist a prisoner in escaping from the custody of an officer when held under a warrant issued by a migistrate under chapter 184 of the Revision for having *threatened* to commit a public offense, is as much a

The State v. Bates.

violation of the statute as though the prisoner stood charged with its actual commission.

2. —— GUILT OR INNOCENCE OF PRISONER IMMATERIAL. And in a prosecution for assisting a prisoner to escape, when thus held, the defendant cannot avoid liability by proving that such prisoner was not, in fact, guilty of the crime with which he was charged; and all evidence for that purpose is incompetent.

3. Officer: DE FACTO. A constable who has been re-elected and continues to act as before, but fails to file a new bond or take a new oath, is an officer *de facto*, and, in the absence of any proof that an order has been made by the proper officer, for him to qualify by a time fixed (Rev. 1860, § 568), it is equally a crime to assist a prisoner to escape from his custody as though he had qualified anew.

*Appeal from Story District Court.*

WEDNESDAY, JULY 31.

DEFENDANT was indicted under section 4293 of the Revision, for aiding and assisting his brother, William Bates, to escape from the custody of one Elliott, a constable. Trial and verdict of guilty; new trial refused; judgment that defendant pay a fine of twenty-five dollars and costs, from which he appeals.

*Ingersoll & Smith* for the appellant.

*Henry O'Connor*, Attorney-General, and *J. H. Bradley*, District Attorney, for the State.

WRIGHT, J. — I. William Bates was charged before a justice, with having threatened to commit a public
1. CRIMINAL offense against the person of one Stratton, LAW: assist-ing prisoner and the magistrate issued his warrant as con- to escape. templated by chapter 184 of the Revision. The constable, Elliott, had this warrant, and the defendant, Oliver Bates, it is claimed, assisted the said William in escaping from the custody of said officer after arrest under said warrant. And the first point made on this
VOL. XXIII.—13

appeal is, that said William was not held upon "any criminal charge" within the meaning of the statute. The offense is, to aid or assist any prisoner in escaping from the custody of any sheriff, constable, etc., "who has the lawful charge of such person upon any criminal charge." And, in our opinion, to assist one in escaping when held for having threatened to commit a public offense, is as much a violation of the statute, as though he stood charged with its actual commission. He is held upon a "criminal charge" within the meaning of the law.

II. Whether the testimony warranted the finding, was fairly submitted to the jury under the instructions; and with the result we are not inclined to interfere, and especially so after the court below has held the verdict warranted by the testimony.

III. Whether William Bates had or had not threatened to commit an offense, as charged in the warrant, and whether the justice had sufficient testimony to justify the order for arrest, was immaterial and irrelevant in this case. The officer had the warrant, and the defendant, in the present proceeding, could not escape liability by proving, that the party charged and arrested by the officers was not, in fact, guilty. His simple duty was, to let the law take its course, and the guilt or innocence of the party escaping by his aid or assistance had nothing to do with his responsibilities as a citizen nor with his liability under this indictment. All testimony, therefore, offered by him to show that the prosecution against William was unfounded, or that he was innocent, was properly rejected.

*2. —— guilt or innocence of prisoner immaterial.*

IV. Elliott, who had the warrant, in May, 1866, had been constable of the township for several years, and was re-elected in 1865; but it seems that, though he continued to act as before, he did not file

*3. OFFICER: de facto.*

a new bond nor take a new oath. It is now claimed that as he was not a constable *de jure*, that the prisoner, William, was not in lawful custody; that the act of the constable was illegal, and therefore defendant cannot be liable for aiding, etc.

The answer, briefly, is that the constable was not falsely assuming to act as such officer within section 4298 of the Revision, as claimed by appellant. He was an officer *de facto*. He was discharging all the duties of the office, as formerly, the justice handing to him notices, executions and all papers, as had been his habit for years. By the law, he held for the year 1865, and "until his successor was elected and qualified." Rev. § 475. If, as his own successor, he had failed to qualify by the time fixed by the proper officer as provided by section 568, the office might have been declared vacant, but in the absence of all proof that the proper officer had made such an order, or of any failure to comply therewith, or proceedings declaring a vacancy, it is clear that he could legally make the arrest, that the prisoner, William, was in lawful custody, and the defendant cannot protect himself on the ground that he had not qualified anew. Upon this subject, see *Ex parte Struble*, 16 Iowa, 369; *Keeny* v. *Leas*, 14 Id. 464, and the numerous cases there cited.

Affirmed.