MONTGOMERY v. SUTTON.

1. **Malicious prosecution**: RESISTING OFFICER: EVIDENCE: NOT ADMISSIBLE. In an action for malicious prosecution by a person who was arrested on election day, charged with resisting an officer, evidence relating solely to the fact that plaintiff was a candidate for an office to be voted for on the day of the arrest, but having no connection whatever with the matters which led to the arrest, was not admissible.

2. ———: ———: ———: BOND. In such case the admission of the bond, taken at the time of the arrest, in testimony, if for the purpose of showing that unusual and excessive bail had been exacted, was improper, unless it is shown that the defendant had some agency in fixing the amount of the bond.

3. ———: ———: ———. In cases of this nature the court should have allowed the defendant to show fully the extent to which he was resisted in making the arrest.

4. ———: ———: GUILT OF PARTY ARRESTED. A party, who resists an officer in making the arrest of another, cannot escape liability by proving that the party charged and arrested by the officer was not in fact guilty. His duty was to let the law take its course.

*Appeal from Boone District Court.*

TUESDAY, JUNE 13.

THIS is an action for malicious prosecution and for false imprisonment. There was a trial to a jury, and verdict and judgment for plaintiff. Defendant appeals.

*Greene & Mitchell*, for appellant.

*Holmes & Reyonlds*, and *Kidder & Crooks*, for appellee.

Rothrock J.—I. The defendant was marshal of the city of Boone, and on the day of the general election in October, 1879, certain parties engaged in an angry discussion in one of the streets of the city, which attracted a large crowd of persons. The defendant appeared upon the scene and took hold of one Parker, who was one of the angry disputants, and ordered him to desist from making a disturbance. Parker went away. John Hart was engaged in the dispute with Parker, and on the other side of the controversy. The defendant ordered Hart to "shut up," which Hart refused to do, and after some loud talk by Hart, the defendant arrested him, and took him to jail. In making the arrest the defendant was resisted by some persons, and perhaps, owing somewhat to the large crowd, it was with much difficulty that defendant succeeded in removing Hart to the jail. In the struggle the defendant fell down and lost his hat, and was otherwise demoralized. Immediately upon depositing Hart in jail, the defendant returned, and without much ceremony arrested the plaintiff and put him in the same cell with Hart. He immediately sent for the mayor, who appeared, and an information was filed against the plaintiff herein, charging him, under an ordinance of the city, with resisting an officer in the discharge of his duties. The plaintiff gave a bond for his appearance and was discharged, and upon a trial afterward had before the mayor, he was acquitted of the charge. .

*1. MALICIOUS prosecution: resisting officer: evidence not admissible.*

Thereupon, this action was brought to recover damages for the prosecution, as being malicious, and for the imprisonment, upon the ground that it was false and illegal. The ordinance under which it is claimed by the defendant he was authorized to arrest the plaintiff, contained the following provisions:

"Sec. 2. Whoever shall willfully disturb the peace of others by violent, tumultuous or offensive conduct; or by loud or unusual noises, disturb or provoke a breach of the peace, shall be deemed guilty of a misdemeanor.

"Sec. 25. Whoever shall, knowingly and willfully, resist or oppose any officer of this city, or any person authorized by law, in serving or attempting to execute any legal writ, rule, order or process whatever; or shall, knowingly and willfully, resist any such officer in the discharge of his duties without such writ, rule, order or process, shall be deemed guilty of a misdemeanor."

The theory of the plaintiff upon the trial of the case in the court below was:

1st. That he was not guilty of resisting the defendant in making the arrest.

2d. That if he did resist the defendant he was not liable to arrest, because Hart had committed no offense, and that defendant had no reasonable ground to believe that he (Hart), had committed an offense when he arrested him. We take it that these were the grounds of the plaintiff's claim, from the instructions given by the court to the jury. In the course of the examination of the plaintiff as a witness in his own behalf, he was allowed by the court, against the objection of the defendant, to state that he had been nominated by the Greenback party as a candidate for the office of sheriff of the county, to be voted for at the election which took place on the day that he was arrested. That the defendant was chairman of the Greenback county committee, and that he had procured the other members of the committee to unite with him in a card to the public withdrawing the plaintiff as a candidate, and that he did not propose to be disposed of as a candidate in this summary way, and that he published a card denying that he had withdrawn. We suppose this evidence was admitted for the purpose of showing malice, and probably, also, for the purpose of claiming before the jury that the defendant arrested the plaintiff without cause, and for the purpose of effectually preventing him from making the canvas for the office.

This evidence was all improperly allowed to go to the jury.

If there was any possible connection between these facts and the arrest there might be some reason for it. But the record shows nothing of the kind. The dispute and angry discussion in the street which led to the arrests, do not appear by the record to have had any connection with the plaintiff's candidacy for sheriff, and he had practically made the race for the office he was seeking before he was arrested, because the election was nearly over. It is true part of this evidence was afterwards ruled out and taken from the jury, but enough remained to do any mischief which might have resulted from all of it.

II. It appears that when the mayor appeared to take action in the matter he required the defendant to give bond in 2. —:—: the sum of $2,000. This bond was allowed to be —: bond. formally introduced in evidence to the jury over the defendant's objection. If the fact that the plaintiff gave bond had been in issue, we suppose it would have been competent to have proved the issue thus made, but if this bond was introduced for the purpose of claiming to the jury that the defendant was liable in damages, or the amount of the recovery should be affected because unusual or excessive bail was required, it was improper without some showing that the defendant had some agency in fixing the amount required. It was no part of his official duty to fix the amount of the bonds, and the record does not show that he advised anyone or took any part whatever as to that matter. If the plaintiff had been detained in jail by reason of the excessive bail required, it may be, that if his arrest was wrongful, this might be shown against the defendant to enhance the damages, but this question we need not decide, because the evidence does not show that he was detained a moment thereby. He was released just as soon as the bond could be prepared and signed.

III. There are several other objections based upon the rulings on the evidence. We believe that there is no error 3. —:—: in them except that the court should have allowed —. the defendant to show fully the extent to which

he was resisted in making the arrest of Hart, and by what persons he was resisted.

IV. The court among other instructions gave to the jury the following:

"4. If you find from the evidence that the defendant was lawfully engaged in the arrest of Hart, that is, if Hart had 4. ——: ——: committed any offense, or disturbed the peace, or was attempting or likely to provoke a breach of the peace, by loud, boisterous or profane language, or quarreling in the public streets, so that defendant had reason, as a reasonably prudent man, acting in the capacity of marshal, to cause the arrest of Hart; and you further find that plaintiff offered any material resistance and tried to prevent the arrest of Hart by force, then it was the duty of defendant to cause the arrest and prosecution of plaintiff, and there would be no liability for false imprisonment unless the detention was for an unnecessary length of time."

*4. ——: ——: guilt of party arrested.*

This instruction was excepted to at the time it was given, and error is assigned thereon. It is claimed by the appellee that the errors as to the instructions are not assigned with sufficient particularity and exactness. We think they are sufficient, and we need not set out the grounds upon which we arrive at this conclusion.

The instruction above set forth is in direct conflict with the rule announced by this court in the case of the *State v. Bates*, 23 Iowa, 96. In that case the defendant was indicted for aiding and assisting a prisoner to escape from the custody of a constable, who held the prisoner on a warrant from a justice of the peace for having threatened to commit a public offense. In that case, as in this, it was sought to show that the party arrested for the crime was not guilty of any crime, and the court held that the party aiding and assisting in the escape, could not avoid the liability "by proving that the party charged and arrested by the officers was not in fact guilty." The court said: "His simple duty was to let the law take its course, and the guilt or innocence of the party

escaping by his aid or assistance, had nothing to do with his responsibility as a citizen, nor with his liability under this indictment."

The error of the instruction under consideration consists in making the guilt or innocence of Hart, or reasonable ground to believe he was guilty, the test of the liability of the marshal in making the arrest. The time and place for the plaintiff to test the question of Hart's liability to arrest, was not in the streets of the city, in an angry and excited crowd of persons. His duty as a citizen was to allow the officer of the law to take his own course, and answer therefor to the proper party if he acted maliciously and oppressively, or without probable cause. See *State v. Bris*, 34 Maine, 235; *Heath v. State*, 36 Ala., 273.

There are other errors assigned going to other instructions to the jury. We need not discuss them. It is sufficient to say that the error above pointed out in the fourth instruction runs through the whole charge of the court. It could not well be otherwise, as the rights of the parties on this very material question were misconceived by the court.

REVERSED.