## MONTGOMERY v. SUTTON.

1. **Arrest:** RESISTANCE TO OFFICER MAKING: FACTS NOT JUSTIFYING. A person who resists an officer in making an arrest cannot justify his resistance on the ground that the party arrested is not guilty of the charge upon which he is arrested.

2. ———: WITHOUT WARRANT: WHEN LAWFUL: ERRONEOUS INSTRUCTION. Under § 4200 of the Code, a peace officer may make an arrest without a warrant when a public offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it; and an instruction given herein, limiting the right to make such arrest to cases where an offense is committed or threatened in the officer's presence at the time of the arrest, or afterwards only in case the offender is likely to escape, *held* erroneous.

*Appeal from Story District Court.*

FRIDAY, DECEMBER 11.

THE petition in this case sets forth two causes of action, one for false imprisonment, the other for malicious prosecution. In addition to general denials of the averments of the petition, the answer avers that defendant was the marshal of the city of Boone, and acted as such in making the arrest, and in instituting the proceedings of which plaintiff complains

VOL. LXVII—32

The answer also pleads justification of the acts of the defend-ant. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff for $600 for the imprisonment, and $187 for the alleged malicious prosecution. Defendant appeals.

*Hull & Whittaker, F. D. Thompson* and *Geo. G. Wright,* for appellant.

*Holmes & Goode,* for appellee.

ROTHROCK, J.—This cause has once before been in this court. See 58 Iowa, 697. The leading features of the case are there stated, and, although the facts in the last trial are not identical with those in the first, there is no such variance as renders it necessary to do more than refer to the former opinion. That the defendant was marshal of the city of Boone, and arrested and imprisoned plaintiff, and afterwards filed an information against him, and prosecuted him for an alleged offense, are conceded facts. The questions in the case are: Were the arrest and imprisonment without authority of law? and, was the prosecution malicious and without probable cause?

The defendant claims that the plaintiff was rightfully arrested, because, while defendant was attempting to arrest one Hart upon the streets of the city for the vio-lation of an ordinance of the city, the plaintiff willfully and knowingly resisted and opposed the arrest, and that thereupon the defendant arrested the plaintiff for such resistance. We held upon the former appeal, following *State v. Bates,* 23 Iowa, 96, that a party who resists an officer in making an arrest of another cannot justify his resistance upon the ground that the party charged and arrested by the officer is not in fact guilty. The arrest of the plaintiff was made by the defendant without a warrant. The court instructed the jury upon the cause of action for the arrest as follows:

1. ARREST: resistance to officer making : facts not justifying.

2. ——: without warrant: when lawful: erroneous instruction.

(4) " To entitle the plaintiff to recover in this action on the first count of his petition, he must satisfy the jury, by a preponderance of evidence—*First*, that the defendant arrested and imprisoned him without warrant, and at a time when plaintiff was not committing, or threatening to commit, a crime or misdemeanor, nor likely to escape after having so committed a crime or misdemeanor, in said defendant's presence or view; and if you find from the evidence that defendant did so arrest and imprison the plaintiff, then you must find for the plaintiff on the first count of his petition for whatever amount in damages you find from the evidence he has sustained by reason of such false imprisonment, if any." We thought upon the oral argument that the giving of the above instruction would require the reversal of the case, and our subsequent consultation and examination of the record has confirmed us in that view. A great mass of testimony was introduced upon the trial upon the question whether or not the plaintiff resisted the defendant when he arrested Hall. It was one of the principal contested questions in the case. The thought of the instruction under consideration is that, if the plaintiff did resist the defendant in arresting Hall, the defendant would be liable if he afterwards arrested the plaintiff without a warrant, unless the plaintiff was likely to escape. Section 4200 of the Code provides that a peace officer may make an arrest without a warrant, " when a public offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." It is obvious that, in view of this provision of the statute, this instruction cannot be sustained.

In discussing this question in the printed argument of of appellant, the instruction is designated as number *three*, when it should be number *four*. It is evidently a misprint, as the argument has no application to instruction number three, and no exception was taken to that instruction.

II. The court held that the ordinances of the city under which defendant claimed to have acted were inadmissible as

evidence, because they were void, being a mere re-enactment of the statutes of the state. They were allowed to be introduced, however, as bearing upon the question of a want of malice in the defendant. We do not think it necessary to determine the question as to the validity of these ordinances. If the plaintiff was guilty of resisting an officer, he was liable to arrest under section 3960 of the Code, and the defendant was justified in arresting him without a warrant whereever he could find him.

REVERSED.