## THE STATE v. GARRETT *et al.*

1. **Resisting Officer**: INDICTMENT. In an indictment for the crime of resisting an officer while attempting to make a proper disposition of a person under arrest, it is not necessary to state the name of the arrested person.

2. ———: EVIDENCE: GUILT OF PARTY ARRESTED. A conviction for resisting an officer while arresting another for the violation of a city ordinance cannot be avoided on the ground that the ordinance and the guilt of the person arrested are not proved. (See *Montgomery v. Sutton*, 58 Iowa, 701; 67 Iowa, 498.)

3. ———: EVIDENCE TO SUPPORT VERDICT. The evidence in this case considered (see opinion), and *held* sufficient to support a verdict of guilty of resisting an officer while conveying a prisoner to jail.

*Appeal from Louisa District Court.*—HON. J. K. JOHNSON, Judge.

FILED, OCTOBER 10, 1890.

APPELLANTS were convicted of the crime of resisting an officer. From a judgment imposing a fine of one hundred dollars on each they appeal.

*D. N. Sprague* and *E. W. Tatlock*, for appellants.

*John Y. Stone*, Attorney General, for the State.

ROBINSON, J.—The indictment charges that Aner Nearhood, as marshal of the town of Wapello, arrested, and was conveying to jail in a proper manner, an intoxicated person, and that, while so engaged, the defendants, George Garrett, Matt McMahill and Willard Hicklin, wilfully and maliciously assaulted him. The jury found all the defendants guilty as charged. A motion for a new trial was sustained as to Hicklin, and overruled as to the others. Garrett and McMahill appeal.

I. Appellants object to the indictment, for the reason that it did not give the name of the person under arrest. The offense named may be committed by knowingly and wilfully resisting an officer in the discharge of his duties. While in this case it was necessary to charge that the officer was resisted in attempting to make a proper disposition of a person under arrest, the name of that person was wholly immaterial for the purposes of the indictment; and a failure to prove his name on the trial would not have been fatal to the prosecution. The time and place of the offense, and the facts constituting it, were so charged as to enable a person of common understanding to know what was intended, and that was sufficient. Code, sec. 4296. The case is not similar to one of larceny, for in the latter the title to the property in controversy is usually a material issue, and must be proven; and it is usual, at least, to name the owner.

*1. Resisting officer: indictment.*

II. The officer stated that he arrested Foor, the person on whose account the assault was made, for violating a city ordinance by being intoxicated in a public place. Appellants complain, because the ordinance referred to was not proven, and insist that the evidence did not show that Foor was intoxicated, as alleged. We think the proof of his intoxication was ample; but, if it were not, that fact would not avail defendants as a defense, nor justify their acts. The right of an officer to arrest an individual and convey him to jail cannot be determined in the manner adopted by defendants. *Montgomery v. Sutton*, 58 Iowa, 701; 67 Iowa, 498. If Foor was found by the officer in a state of intoxication, his arrest was lawful (Code, sec. 1548); and defendants cannot escape liability on the ground that he was arrested for violating an ordinance which was not proven.

*2. ——; evidence: guilt of party arrested.*

III. Appellants insist that the verdict was not supported by the evidence. It is shown that Nearhood,

while acting as marshal of the town of

**3. ——: evidence to support verdict.** Wapello, arrested Foor. He called to his assistance one Graham. The defendants, and perhaps others, approached the officers and their prisoner as they were taking him to jail. Garrett asked Foor where he was going; and, upon being answered, "I am going to jail, I suppose," said, "I guess you are not going to jail." Foor replied, "I guess I won't go either," and stepped back. McMahill also made objection to the arrest; and about that time Graham was knocked down, and Garrett assaulted the marshal, and he was so injured as to be temporarily disabled. In attempting to protect themselves, the officers were unable to detain Foor, and he escaped. There is no doubt whatever that the assault on the marshal was wilful and unlawful, and that it was made maliciously, to prevent the taking of Foor to jail; that defendants participated in it; and that whatever was done by the officer was done in self-defense.

We discover no error in the rulings of the district court on the admission of evidence, nor in the giving and refusal of instructions. Its judgment is, therefore,

AFFIRMED.