STATE OF IOWA v. CHARLES M. JOHNSON, Appellant.

**Aiding an escape from jail:** EVIDENCE. On a prosecution for aiding the escape of one lawfully detained in a county jail on a charge of felony, the evidence is held to warrant conviction.

**Same:** "CHARGED WITH FELONY" CONSTRUED. One who assists another, charged with uttering a forged instrument, to escape jail while awaiting trial is guilty of aiding the escape of a person confined for felony, within the contemplation of Code, Section 4894, irrespective of the prisoner's guilt.

**Instructions:** REASONABLE DOUBT. Where the instructions as a whole impress upon the jury the thought that the offense must be proven beyond a reasonable doubt, it is immaterial that no particular instruction on that subject was given, especially in the absence of a request therefor.

**Aiding an escape:** SENTENCE. A sentence of six years in the penitentiary for aiding the escape of one charged with felony is not unduly severe.

*Appeal from Blackhawk District Court.*— HON. A. S. BLAIR, Judge.

MONDAY, NOVEMBER 18, 1907.

THE defendant was convicted of aiding a prisoner lawfully detained for a felony in attempting to escape from the jail of Blackhawk county. He appeals.— *Affirmed.*

*George C. Gorman,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

SHERWIN, J.— In May, 1905, the appellant was placed in the jail of Blackhawk county to await the opening of the next term of court. In June, 1905, a preliminary information was filed in the office of a justice of the peace in said county, charging one Andrew Schwendeman with the crime of uttering a forged instrument. A warrant of arrest was duly issued for said Schwendeman, and he was arrested and taken before the justice who issued the warrant, whereupon he formally waived an examination. The justice then held him to answer the charge of uttering a forged instrument, fixed his bond, and ordered that he be committed to the jail of said

county upon failure to give said bond. No bond was given, and Schwendeman was confined in the jail of said county pursuant to the order of commitment. The defendant Johnson did not like the abridgment of his liberty, and very soon after his incarceration in jail he devoted much of his time and energy to the construction of keys with which to effect an entrance into the corridor of the jail. He was successful in his work, and, with the help of Schwendeman and one or two other inmates of the jail, he unlocked the corridor door, and, when discovered by the sheriff, they were all engaged in prying the bars from the outside windows for the avowed purpose of effecting their escape.

The appellant urges that the evidence is insufficient to show that he was aiding or assisting Schwendeman in an attempt to escape from the jail; but in this he is clearly mistaken. The record is full of evidence tending to show concert of action between him, Schwendeman, and the others, and that the appellant was the " bright particular star " depended upon to point the way to liberty. Code, section 4894, reads as follows: " If any person by any means whatever aid or assist any prisoner lawfully detained in the penitentiary, or in any jail or place of confinement, for any felony, in an attempt to escape, whether such escape be effected or not, or forcibly rescue any person held in legal custody upon any criminal charge, he shall be imprisoned in the penitentiary not exceeding ten years, or be fined not exceeding five hundred dollars and imprisoned in the county jail not exceeding one year." That the defendant is guilty as charged does not admit of doubt. Indeed, his own testimony is alone sufficient to show a violation of the section.

The court instructed in substance that if a person is charged in a preliminary information with a crime amount-

2. SAME:
"charged with felony" construed.

ing to a felony, and is duly held to answer before a grand jury on such charge, and by order of the committing magistrate is placed in jail to answer such charge, he is lawfully detained for a

felony within the meaning of the law.  The appellant says that a person so held in jail is not in contemplation of law detained for a felony.  No authorities are cited sustaining his contention, and we doubt if they are to be found.  The information charged a felony under the statute, and whether Schwendeman was guilty or not was an immaterial question in this case.  *State v. Bates,* 23 Iowa, 96.

In another instruction the jury was told that if several prisoners, lawfully detained in jail, act in concert, aiding or assisting each other in an attempt to escape therefrom, they are in law guilty of the offense charged, whether the escape is effected or not.  It is said the instruction did not clearly point out that it must be proven beyond a reasonable doubt that the defendant did, in fact, aid and assist Schwendeman in an attempt to escape.  The charge as a whole was sufficiently specific to impress that thought upon the minds of the jurors, and nothing more was required, and, in fact, nothing more was asked.

3. Instructions: reasonable doubt.

The sentence was for six years in the penitentiary, and we are asked to reduce the time.  We do not deem it our duty to interfere, however.  The maximum penalty is ten years, and the trial court does not seem to have been unduly severe in view of the entire record.  ·The judgment is *affirmed.*

4. Aiding an escape: sentence.