S. E. BENNETT, Appellee, v. T. P. HOLLOWELL, Appellant.

HABEAS CORPUS: Scope of Inquiry—Jurisdiction of Court. One who
1   has been duly convicted of an escape from the penitentiary may not, in subsequent habeas corpus proceedings, challenge the jurisdiction of the court in which he was so convicted, on the ground that the *former* judgment under which he was being restrained at the time of his escape was wholly void.

HABEAS CORPUS: Scope of Inquiry—Invalid and Valid Nonconcurrent
2   Sentences. Petitioner in habeas corpus may establish his right to a discharge from custody by showing (1) that he is being confined under two nonconcurrent sentences; (2) that the first sentence is void because rendered by a court which had no jurisdiction of the subject-matter; and (3) that he has served a time equal to that imposed by the second sentence.

Headnote 1:   29 C. J. p. 33 (Anno.)   Headnote 2:   29 C. J. pp. 30, 31, 53.

Headnote 1:   12 R. C. L. 1185.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

MARCH 15, 1927.

This was a habeas corpus proceeding in the district court, the plaintiff being a convict held in the penitentiary at Fort Madison, and the defendant being the warden of such penitentiary. The trial court sustained the writ, and discharged the prisoner, from which judgment the defendant has appealed.— *Affirmed.*

*John Fletcher,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *Gerald O. Blake,* and *J. M. C. Hamilton,* for appellant.

*E. D. Marshall,* for appellee.

EVANS, C. J.—The plaintiff had been duly convicted in the district court of Lee County of the crime of escape from the penitentiary at Fort Madison. This conviction was had in January, 1922, and sentence was duly pronounced thereon.

At the time of his escape from the penitentiary, he was therein confined under a judgment of conviction entered in the Polk County district court for obtaining money by false pretenses. The false pretense charged in that prosecution was the uttering of his own check for $5.00 upon a bank in which he had not a sufficient deposit to meet the check. Sentence of seven years in the penitentiary at Fort Madison was imposed upon him, and was immediately executed by the delivery of his custody to the warden of the penitentiary. While at work on the state farm in November, 1921, he escaped therefrom. This was the escape which furnished the basis of the later prosecution already referred to. The sentence imposed upon him for such escape by the district court of Lee County was for five years, "to begin after the termination" of service of the first sentence of seven years.

1. HABEAS CORPUS: scope of inquiry: jurisdiction of court.

The theory upon which the writ of habeas corpus was prosecuted and sustained was that, at the time of his escape, in November, 1921, he was being illegally detained under a judgment of conviction which the district court of Polk County had no jurisdiction to impose; that, therefore, his escape was not illegal; and that he should not have been convicted of such alleged unlawful escape, and should not have been sentenced therefor. The theory is not tenable. Whether this illegality in the first prosecution could have been pleaded as a defense in the second prosecution, we need not inquire. The only legal question before us at this point is whether the prisoner may, in the habeas corpus proceeding, challenge the legality of the judgment of the district court of Lee County in the second prosecution, on the ground that the previous judgment entered by the district court of Polk County was illegal or invalid. The law is well settled to the contrary. *State v. Bates,* 23 Iowa 96; *Montgomery v. Sutton,* 58 Iowa 697; *McBain v. Hollowell,* 202 Iowa 391.

We are considering now only the indictment which charged

the escape from the penitentiary. The district court of Lee County was not lacking in jurisdiction therein. And this is so even though the defendant therein (plaintiff herein) could have justified his escape on the ground of the want of jurisdiction in the district court of Polk County to sentence him to the penitentiary in the first prosecution.

The case as a whole, however, presents a very perplexing situation. The crime charged in the Polk County indictment rendered in August, 1921, was cognizable under Section 13047,

2. HABEAS CORPUS: scope of inquiry: invalid and valid nonconcurrent sentences. Code of 1924, and was not cognizable under Section 13045. *State v. Marshall*, 202 Iowa 954; *Humphrey v. Hollowell*, 203 Iowa 221; *Furey v. Hollowell*, 203 Iowa 376. The penitentiary sentence imposed by the Polk County district court upon the defendant (plaintiff herein) was, therefore, without jurisdiction, and could have been challenged in habeas corpus proceedings. The sentence imposed by the Lee County district court for the "escape" was for five years, to begin after the expiration of the seven-year sentence which the defendant (plaintiff herein) was deemed to be serving under the sentence of the Polk County district court. This sentence by the Lee County district court was entered in January, 1922. If, at the time of the institution of this habeas corpus proceeding, the prisoner should be deemed to be still serving the first seven-year sentence, he was entitled to some form of relief as against the illegality of that restraint. But he was not entitled to discharge from prison as long as the five-year sentence imposed by the Lee County district court remained to be served. The record herein discloses that, at the time of the hearing of this habeas corpus proceeding in the district court, the prisoner had already served time for 65 months. Of this time, 60 months had been served since the imposition of the sentence by the Lee County district court. The prisoner has, therefore, served the full time imposed upon him under the judgment of the Lee County district court. Inasmuch as the term of imprisonment imposed by the Lee County district court was to commence at the expiration of his term imposed by the Polk County district court, and inasmuch as the term imposed by the Polk County district court was void for want of jurisdiction, we think the prisoner should be deemed to be serving time under the sentence imposed by the Lee County

district court. In other words, the only valid sentence imposed upon the prisoner was that of the Lee County district court. Further, inasmuch as the term imposed by the Lee County district court had fully expired at the time of the habeas corpus proceeding in the district court, and inasmuch as the defendant warden was intending to hold the prisoner on the theory that he was still serving time under the sentence imposed by the Polk County district court, we think the prisoner was entitled to try the question of the legality of his detention in a habeas corpus proceeding, and that we should sustain the order of release issued in such proceeding by the district court, even though the district court erred in the theory upon which it sustained the writ. Regardless of technical error on the part of the district court, the case resolves itself to this: The prisoner has served the full term under the only valid sentence imposed upon him. He is, therefore, entitled to immediate discharge by some proceeding to that end. For this reason, the order of the district court in sustaining the writ is affirmed.—*Affirmed.*

All the justices concur.