Per Curiam.

In this action, petitioner attacks his conviction for escape, on the basis that the court at his preliminary hearing on the escape charge refused to appoint counsel to represent him. So far as the refusal of the court to appoint counsel for petitioner is concerned, such a hearing is preliminary *80 in nature and no rights or defenses are concluded therein. The refusal to appoint counsel at such a time does not infringe the constitutional rights of an accused. United States, ex rel. Cooper, v. Reincke, 333 F. (2d), 608.
Petitioner’s second contention is that he could not be guilty of escape because his original confinement was illegal. A prisoner under sentence for escape cannot attack the legality of the confinement from which he escaped in a habeas corpus proceeding directed to his detention under the sentence for escape. Bannett v. Hollowell (Iowa), 212 N. W., 701.
Petitioner, in this proceeding, desired to call as witnesses certain police officers. He stated that these officers would testify that petitioner was denied counsel at his preliminary hearing, and that at the time he was arrested no formal charge had been made against him but that he was picked up on suspicion of stealing wire. Inasmuch as the respondent stipulated these facts for the purpose of this proceeding, such testimony was unnecessary.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.