### BREWSTER v. SWOPE, Warden.
#### No. 12268.

United States Court of Appeals
Ninth Circuit.
March 20, 1950.

Bryon E. Kabot, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Attorney, Joseph Karesh, Asst. U. S. Attorney, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

Herrie Brewster, a private in the Army, was tried by a general court-martial and convicted of murder in violation of the 92d Article of War.[1] Sentence of death was imposed June 24, 1943. Under Article of War 46[2] the sentence could not be carried into execution "until the same shall have been approved by the officer appointing the court." The commanding general who had convened the court, on June 29, 1943, made an order reciting that "the sentence is disapproved and a rehearing is ordered before another court to be hereafter designated". On July 4, thereafter, Brewster was again found guilty of the same offense by another court. This time his sentence was dishonorable discharge, forfeiture of all pay and allowances due or to become due, and death.

This sentence was approved by the commanding general, who recommended commutation of the death sentence to life imprisonment, which recommendation the President followed. Thereafter the period of imprisonment was reduced to twenty-five years, and this sentence is now in effect.

Brewster then filed this petition for a writ of habeas corpus, asserting (1) that his second conviction and sentence was in violation of the Fifth Amendment's prohibition of double jeopardy, and (2), that the sentence he is now serving is void because Article of War 50½ provides that upon such a rehearing "no sentence in excess of or more severe than the original sentence shall be enforced".[3] After a hearing the petition was denied.

Brewster first contends that in disregarding his constitutional right not to be twice put in jeopardy,[4] the military court lost jurisdiction under the rule of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, and that he is therefore entitled to have the writ issued.

Two portions of the Articles of War require special attention. One is that part of Article of War 50½ which as then in force, provided: "When the President or any reviewing or confirming authority disapproves or vacates a sentence the execution of which has not theretofore been duly ordered, he may authorize or direct a rehearing. Such rehearing shall take place before a court composed of officers not members of the court which first heard the case. Upon such rehearing the accused shall not be tried for any offense of which he was found not guilty by the first court, and no sentence in excess of or more severe than the original sentence shall be enforced unless the sentence be based upon a finding of guilty of an offense not considered upon the merits in the original proceeding".

The other provision here important is that part of Article of War 40[5] which reads as follows: "No person shall, without his consent, be tried a second time for the same offense; but no proceeding in which an accused has been found guilty by a court-martial upon any charge or specifi-

1. 10 U.S.C.A. § 1564.

2. 10 U.S.C.A. § 1517.

3. 10 U.S.C.A. § 1522.

4. It does not appear that Brewster entered a plea of double jeopardy before the military court.

5. 10 U.S.C.A. § 1511.

cation shall be held to be a trial in the sense of this article until the reviewing and, if there be one, the confirming authority shall have taken final action upon the case."

"The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed." Wade v. Hunter, 336 U.S. 684, 688, 69 S.Ct. 834, 837. An example of a permissible second trial is one granted upon the accused's motion or appeal, in which case it is said that the accused has waived his right to claim double-jeopardy. Another example is the case where a new trial follows the inability of a jury to agree upon a verdict. Other instances of permissible re-trials are referred to in Wade v. Hunter, supra, and in the opinion of the court of appeals in the same case, Hunter v. Wade, 10 Cir., 169 F.2d 973, 975. 8 A.L.R.2d 277.

The portion of Article of War 40 above quoted in effect provides that the proceeding against the accused is not completed and shall not "be held to be a trial" until the reviewing and confirming authority shall have taken final action. In other words, the members of the court and the reviewing and confirming authority must agree before the sentence can be carried into execution.

Here agreement failed for the general who convened the court disapproved the sentence. As we view it, the situation which then resulted was no different than that which results from the disagreement of a jury. In our opinion the rehearing was properly ordered, as authorized by Article of War 50½. We think that this provision for rehearing is valid and justified by the principle expressed in Wade v. Hunter, supra, "that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments."

The rule which appellant presses upon us would tend to restrict the freedom of the reviewing authority in disapproving convictions in cases where there is doubt as to the fairness of the trial. It would not be in the interest of fair administration of military justice to confront the commanding general with the alternative of either confirming the sentence or finally discharging the accused. He should not be required to act under any such pressure.

In the case of Sanford v. Robbins, 5 Cir., 115 F.2d 435, certiorari denied 312 U.S. 697, 61 S.Ct. 737, 85 L.Ed. 1132, it was held that where a new trial was ordered and a conviction had after the first sentence of a court-martial had been disapproved, the accused was not entitled to be put at liberty because of double-jeopardy. The facts in that case arose prior to the enactment of Article of War 50½ and of the portion of Article of War 40 quoted above. The court there gave as a reason for its decision the additional ground that the court-martial had considered and adjudged adversely to the accused his plea of double-jeopardy entered at the second trial, and indicated that such an adjudication might not be reviewed in the civil courts. However, the court expressly stated as an additional reason for its decision its holding that when the President ordered a new trial and the new trial was had, even in the absence of a section such as Article 50½, supra, there was no violation of the double-jeopardy provision of the Fifth Amendment. We think the case is authority for the view which we have taken here.

Appellant also urges that the sentence of the second court-martial was more severe than that imposed by the first one, in that the second court added to the sentence of death a sentence of dishonorable discharge and a forfeiture of all pay and allowances due or to become due. Article 50½ provides that: "no sentence in excess of or more severe than the original sentence shall be enforced * * *." But the second court-martial was authorized to impose the same death sentence as had been imposed by the first. It was this death sentence which was commuted and reduced to that from which the appellant now seeks

his release. That sentence the court-martial had jurisdiction to impose; only the excess would be void. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392; Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; Dimenza v. Johnston, 9 Cir., 131 F.2d 47. Appellant is not entitled to be released on this score.

It is contended that the court should have determined two questions of fact, one whether there was a "manifest necessity" for a second trial, and the other whether appellant waived his plea of double jeopardy. Since we have assumed the facts to be as alleged by the appellant, and have held that upon those facts he is not entitled to prevail, this contention need not be noticed here.

Affirmed.