## OPONOWICZ, Habeas Corpus, In re.

Ohio Appeals, Second District, Franklin County.

No. 5239.   Decided June 28, 1955.

Alfred Oponowicz, Columbus, on his own behalf.
Hon. C. William O'Neill, Atty. Genl., Roger B. Turrell, Earl N. Merwin, Asst. Attys. Genl., Columbus, for respondent.

## OPINION

By MILLER, PJ.

This is an action in habeas corpus wherein the first question presented is whether the trial court had jurisdiction to sentence the relator after his release on probation from the Lima State Hospital where he had been committed as a mental defective.

The record discloses that the relator pleaded guilty to the charge of armed robbery on December 6, 1943, and that "in lieu of the sentence provided in the penal code for the crime of which he was convicted" he was ordered "confined indefinitely in the Lima State Hospital for the criminal insane, Lima, Ohio"; that on July 15, 1947, upon an application for release from Lima he was ordered released and "placed on probation for a period of five years under the supervision of W. B. Dillon on condition of good behavior," etc.; that on March 9, 1948, he was found to be a parole violator and was ordered imprisoned in the Ohio State Penitentiary for an indefinite period.

It is urged by the relator that when he was released from Lima his release should have been absolute and not conditional and therefore the Court had no jurisdiction to sentence him upon being found guilty of violating the terms of his probation.

After a careful examination of that part of §13451-20 GC applicable to the facts presented, we are in accordance with the views urged by the relator. This part of §13451-20 GC effective when the petitioner entered a plea of guilty to the charge against him, is as follows:

"If, upon consideration of such report and of such other evidence as shall so be submitted to the court, the court shall find that such prisoner is a mentally defective prisoner as defined in this act, and that the general welfare and general safety of the community require the indefinite commitment of such prisoner under this act, the court may, in its discretion, **in lieu** of sentencing such prisoner for the crime of which he has been convicted, enter an order of indefinite commitment of such prisoner to such available institution, * * *, as shall by the court be considered best adapted to carry out the purpose of this act in respect to such mentally defective prisoner. Any such order of indefinite commitment shall constitute a final order." (Emphasis ours.)

It appears that the Court in its discretion elected to commit the prisoner indefinitely to the Lima State Hospital and this election was in lieu of, that is, in place of, or instead of, a sentence to a penal institution. **Sec. 13451-22 GC,** setting up procedure for the release of a prisoner committed as mentally defective, provides that when such a prisoner would be eligible for parole upon sentence for the crime of which he was convicted but not prior to that time, the superintendent of the institution wherein such prisoner is confined may file with the court in which the prisoner was convicted an application for his release. The section makes provision for two situations: (1) An application before the maximum term for which the prisoner could have been committed had expired; (2) Upon the expiration of the maximum term of imprisonent prescribed by law for the crime of which he was convicted. Then follows this provision:

"If, upon any hearing provided by this section the court finds that

such prisoner is not, at the time of such hearing, mentally defective the court shall, if the maximum term of imprisonment prescribed by law for the crime of which such prisoner was convicted has not expired, grant such application upon such terms and conditions as the court shall prescribe. And, if such maximum term of imprisonment has expired, shall order the discharge of such prisoner and shall cause any such order of the court to be duly certified to the superintendent of the institution in which such prisoner is confined."

Do the statutes providing that the commitment of a mental defective to an institution in lieu of a sentence for the crime of which he has been convicted support a subsequent sentence of the petitioner to the penitentiary? Or, in other words, is a new sentence such a condition as the court shall prescribe as contemplated by §13451-22 GC? In our judgment the court had exercised and exhausted its full jurisdictional authority to sentence when he committed the prisoner indefinitely to the Lima State Hospital. It is interesting to note that the successor section to §13451-20 GC, §2947.25 R. C., provides that after the preliminary report pursuant to the reference to a psychopathic clinic, the court "shall impose the appropriate sentence for the offense of which the person was convicted. At the same time the court shall enter an order of indefinite commitment of such person to the department, during the continuance of which the execution of sentence shall be suspended." The section as now framed expressly authorizes the court to pronounce a sentence of imprisonment and also to suspend it and commit the prisoner to an appropriate institution. This power to sentence was not found in §13451-20 prior to the amendment, and the authority to parole was based upon the right to sentence. **Sec. 13451-2 GC.**

We are therefore of the opinion that the order revoking the parole and sentencing the relator for the robbery committed in 1943 was illegal and void.

The record reveals further that while the relator was on probation he committed another offense of armed robbery for which he was indicted, convicted and sentenced on March 3, 1948, to an indeterminate period in the Ohio Penitentiary. This sentence was to run consecutively with the one previously pronounced upon being found guilty of being a parole violator. It is urged that the subsequent sentence is enforceable only if the prior sentence is a valid judgment; that since it is established that the prior sentence is void, the subsequent sentence never became operable; that its very foundation has been removed and it cannot stand alone. The relator cites the cases of Ex Parte Jordan, 7 O. N. P. 563, and **Woodford v. State, 1 Oh St 428.** We feel that these cases are not controlling for there is a difference in the factual situation. In the cited cases the prisoners were sentenced for a definite term for each offense, the latter to commence upon the expiration of the first sentence.

The Woodford case was a proceeding in error. The judge who wrote the opinion said, at the end thereof,

"The judgment, therefore, is not severable, and will have to be reversed in whole, * * *."

The judgment here is severable. The sentence of March 3, 1948, was

pronounced by authority of §2166 GC and is completely independent of that part which provides that it run consecutively with the former sentence. The former sentence is a nullity and may be so considered and does not affect at all the validity or the term of the sentence under which the relator is properly held.

By the terms of the controlling statute "All terms of imprisonment of persons in the penitentiary may be ended in the manner provided by law." The relator having been properly sentenced upon the one offense only may be held for that offense only and released at its expiration "in the manner provided by law." The term of the relator under his valid sentence has not expired and he may not be released upon a writ of habeas corpus.

The writ will be denied.

HORNBECK and WISEMAN, JJ, concur.