IVAN W. BROWN *vs.* COMMISSIONER OF CORRECTION.

Suffolk.    December 2, 1957. — February 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Practice, Criminal,* Sentence.

One receiving a prison sentence to commence "from and after" the expiration of a prior sentence started to serve the later sentence on the day of its imposition where subsequently the prior conviction was reversed on writ of error, whether the prior conviction were deemed void or merely voidable; G. L. (Ter. Ed.) c. 279, § 8A, was not applicable.

BILL IN EQUITY, filed in the Superior Court on May 22, 1957.

The case was heard by *Quirico,* J.

*Samuel W. Gaffer,* Assistant Attorney General, for the defendant.

*Edward J. Barshak,* for the plaintiff.

SPALDING, J.    By this bill for declaratory relief the plaintiff seeks a determination of the starting date of five concurrent sentences which he is now serving in the State

prison.   The case was submitted on a statement of agreed facts.

On May 13, 1952, the plaintiff was convicted in Middlesex County on three indictments and was sentenced on each to from five to seven years in the State prison, the sentences to run consecutively.   (These will be referred to hereinafter as the Middlesex sentences.)   On September 23, 1952, the plaintiff was convicted in Suffolk County on five indictments and was sentenced on each to from three to five years in the State prison.   These sentences (referred to hereinafter as the Suffolk sentences) were concurrent and were to commence "from and after" the expiration of the Middlesex sentences. It is the starting date of the Suffolk sentences with which we are concerned.

In 1956 the plaintiff brought a writ of error in this court to have the Middlesex convictions set aside.   Pursuant to an opinion of the full court (*Brown* v. *Commonwealth,* 335 Mass. 476) judgment was entered on March 11, 1957, setting aside the Middlesex convictions.[1]   On April 30, 1957, the plaintiff was brought before the Superior Court in Middlesex County and pleaded guilty to two of the indictments and was placed on probation for one year on each.   The third indictment was nol prossed.

In the case at bar a final decree was entered adjudicating that the plaintiff started serving his Suffolk sentences on the day they were imposed, September 23, 1952.   The defendant appealed.

The defendant contends that the Suffolk sentences commenced to run on April 30, 1957, the date when the plaintiff was brought into court following our decision. The plaintiff on the other hand contends that the decree below was right and that the Suffolk sentences commenced to run on September 23, 1952, the date of imposition.

The defendant (relying on *Lewis* v. *Commonwealth,* 329

---

[1] The Middlesex convictions were reversed on the ground that the plaintiff, who did not have the assistance of counsel, was prejudiced by a series of incidents during the trial which probably would not have occurred had he had counsel.

Mass. 445, 448) takes the position that the original Middlesex judgments were voidable and not void, and were in full force and effect until reversed by this court. Hence, it is argued, the Suffolk sentences could not start to run until the Middlesex sentences had been set aside. In support of his position the defendant cites *Kite* v. *Commonwealth*, 11 Met. 581, and *Smith* v. *Lovell*, 146 Maine, 63. In the *Kite* case it was said by Shaw, C.J., at page 585, "The court are all of opinion that it is no error in a judgment, in a criminal case, to make one term of imprisonment commence when another terminates. It is as certain as the nature of the case will admit; and there is no other mode in which a party may be sentenced on several convictions. . . . If the previous sentence is shortened by a reversal of the judgment, or a pardon, it then expires; and then, by its terms, the sentence in question takes effect, as if the previous one had expired by lapse of time. *Nor will it make any difference, that the previous judgment is reversed for error. It is voidable only, and not void; and, until reversed by a judgment, it is to be deemed of full force and effect; and though erroneous and subsequently reversed on error, it is quite sufficient to fix the term at which another sentence shall take effect*" (emphasis supplied).

There can be no doubt that the italicized language in the above quotation supports the defendant's position. But that portion of the opinion was dictum, for the only question before the court was whether a sentence which was to commence after the termination of a prior sentence was sufficiently certain as to its starting date. What was said as to when a "from and after" sentence was to begin in the event the prior conviction was set aside was not necessary to the decision. But, although dictum, it comes from one of our greatest Chief Justices and is not lightly to be ignored.

In a brief per curiam opinion (*Brown* v. *Commonwealth*, 4 Rawle, 259) decided in 1833 the Supreme Court of Pennsylvania held that the starting date of a "from and after" sentence began to run from the time of the reversal of the preceding sentence. And, it seems, this is still the law of

Pennsylvania. *Commonwealth* v. *Claudy*, 171 Pa. Super. Ct. 340. *United States* v. *Keenan*, 107 Fed. Sup. 266. The case of *Smith* v. *Lovell*, 146 Maine, 63, cites with approval the dictum in the *Kite* case, and squarely holds that the term of a "from and after" sentence commences to run as of the time when the prior judgment (which was voidable and not void) was reversed.

The plaintiff urges that *Smith* v. *Lovell* and the dictum in the *Kite* case ought not to be followed. A sense of fairness, he argues, requires the rule that the second sentence, where a prior sentence falls because of reversal, should be moved forward and made to run as of the date of its imposition, for otherwise a defendant will have served time for which he receives no credit. That there is force in his argument cannot be denied. Of course, it might be argued that where a judgment is set aside and a defendant is subsequently convicted on a retrial or on a plea of guilty, the judge will take into consideration on the matter of sentence the time already served. Doubtless that would ordinarily be done — and it would appear to have been done here — but a defendant cannot insist upon it as matter of right. Moreover, if the defendant is acquitted upon a retrial of the case there is no way by which he can receive credit for the time served under the erroneous conviction.

The rule for which the plaintiff contends is not without support in some of the more recent cases. See, for example, *Youst* v. *United States*, 151 Fed. (2d) 666, 668 (C. C. A. 5); *Ekberg* v. *United States*, 167 Fed. (2d) 380, 388 (C. C. A. 1). We think this is the better and more humane view, for only in this way can a prisoner receive credit, not as matter of grace, but as of right, for time served under an erroneous conviction.

The recent case of *Lewis* v. *Commonwealth*, 329 Mass. 445, affords an analogy. Lewis had been convicted of armed robbery on evidence which this court held would only support a conviction for larceny (*Commonwealth* v. *Novicki*, 324 Mass. 461); accordingly the judgment was reversed and the

verdict was to be set aside unless the Commonwealth moved for sentence as upon a conviction for larceny. Upon remand to the Superior Court, Lewis was sentenced to not less than four and not more than five years in State prison. Five years was the maximum term provided for larceny. At the time of resentence Lewis had served nine months. Lewis contended that the second sentence for larceny was invalid because under it he might be required to serve in all five years and nine months, although the maximum penalty for larceny was five years. This contention was upheld by a majority of the court. It was said at page 448 by Qua, C.J., "A proper sense of justice and the regard which must necessarily be paid to the limits set by the Legislature to punishment for offences required that when the sentence for robbery was reversed and the petitioner was resentenced for larceny the time already served by him be treated as having in effect been served for larceny (the only offence for which he could rightly have been confined) and be deducted from the maximum sentence permissible for larceny." While we recognize that the question before the court there was quite different from that here involved, it evinces a tendency on the part of this court not to adopt an overly legalistic approach in matters of this sort.[1]

Some courts have held that the subsequent sentence takes effect from the date of imposition only in situations where the prior conviction was void as distinct from voidable. See for example *Ex parte Roberts*, 9 Nev. 44, and *Bennett* v.

---

[1] In the *Lewis* case the Chief Justice said at pages 450–451, "Where the error occurs in the proceedings before sentence and necessitates a new trial and not merely a resentence, it seems to be rather generally understood that time served under the sentence which is invalidated need not as matter of law be considered in imposing the second sentence, the reason given being that in seeking a new trial the defendant must be deemed to have consented to a wiping out of all the consequences of the first trial. . . . [T]here may well be a difference between a case like the one before us where at all times the petitioner has been confined under a sentence in force at the time of confinement and resting always upon a valid trial and verdict and a case where the trial and verdict have been declared invalid, and the sentence has fallen because there was nothing to support it, so that the defendant has become eligible for bail and in other respects has reverted to the position of an accused person awaiting trial." The question adverted to in the *Lewis* case is not here involved and we make no intimation one way or the other. See note in 35 A. L. R. (2d) 1283, 1285.

*Hollowell,* 203 Iowa, 352. The plaintiff argues (on the authority of *Brown* v. *Mississippi,* 297 U. S. 278, 287, and *Johnson* v. *Zerbst,* 304 U. S. 458, 467–468) that the prior convictions here were void, but we do not reach that question. Not infrequently the "distinctions between void and merely voidable judgments are very nice, and they may fall under the one class or the other as they are regarded for different purposes." *Ex parte Lange,* 18 Wall. 163, 175–176. We prefer to rest our decision on broader grounds. In our view the result would be the same whether the prior conviction was void or voidable.

The only statute brought to our attention which might have a bearing on the question presented is G. L. (Ter. Ed.) c. 279, § 8A, which reads in part: "For the purpose only of determining the time of the taking effect of a sentence which is ordered to take effect from and after the expiration of a previous sentence, such previous sentence shall be deemed to have expired when a prisoner serving such previous sentence shall have been released therefrom by parole or otherwise."

This statute was enacted in 1924 (St. 1924, c. 165) and the defendant argues that it was in effect a codification of the dictum in the *Kite* case. We do not accord such a broad effect to the statute. It appears that the statute was recommended by a Special Commission to Investigate the Criminal Law established by c. 34 of the Resolves of 1923. The report of the commission reveals that they were concerned with the effect of the last sentence in G. L. c. 279, § 24, which read, "If a convict sentenced to the state prison receives an additional sentence thereto, it shall take effect upon the expiration of the minimum term of the preceding sentence." It was the view of the commission that this provision was repugnant to certain portions of the law (namely, G. L. c. 127, §§ 131, 133) relating to parole. This provision also resulted in an anomaly where a prisoner serving a prior sentence was paroled, as he might be, prior to the expiration of the minimum term of that sentence. In such a case there would be a hiatus between the time of his release and the

commencement of the "from and after" sentence — a most undesirable result. See 6 Op. Atty. Gen. 32. To remedy these consequences the commission recommended that the last sentence of § 24 be repealed and that what is now § 8A of G. L. (Ter. Ed.) c. 279 be enacted. Both recommendations were adopted by the Legislature by the simultaneous enactment of St. 1924, c. 152 and c. 165. Nothing contained in the commission's report alluded to the starting date of a "from and after" sentence where the prior conviction was set aside for error. It is apparent from this legislative history that the situation here involved was not the object aimed at, and we are not disposed to interpret it as covering such a case.

*Decree affirmed.*