### JOHN ROBERT POTTER v. STATE OF NORTH CAROLINA.

(Filed 2 December, 1964.)

**Criminal Law § 133—**

Where defendant is serving a sentence at the time of commitment under a subsequent sentence specifying that time of service thereunder should begin at the expiration of the first, and the prior sentence is set aside for deprivation of his constitutional right to counsel, defendant should be recommitted under the second sentence with provision that the term should begin on the first day of the term of court at which the judgment and sentence was imposed, and not the date of recommitment.

ON a paper writing, which we treat as a petition for a writ of *certiorari* for declaratory relief to determine the starting date of a consecutive prison sentence imposed at 20 August 1962 Term of NASH County superior court, which prison sentence petitioner is now serving. The Attorney General of North Carolina filed an answer to this paper writing.

*Attorney General T. W. Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*
*John Robert Potter in propria persona.*

PARKER, J.   We have taken cognizance of this matter in the exercise of our supervisory jurisdiction over the proceedings of lower courts.

North Carolina Constitution, Article IV, section 10; *In re Sellers*, 234 N.C. 648, 68 S.E. 2d 308.

The following facts are shown by copies of original records in the office of the clerks of the superior courts of Wayne and Nash Counties, which copies are certified by the respective clerk of the superior court of each county to be true and perfect copies of original records in his office and are attached to the answer of the Attorney General, and by the written instrument of the petitioner Potter:

At the 13 August 1962 Term of Wayne County superior court, petitioner John Robert Potter entered pleas of guilty to five indictments, each charging him in one count with a felonious breaking and entry into a certain storehouse, shop, and other building with intent to commit larceny of personal property therein kept, and in a second count with the larceny of personal property therein kept; and to two indictments charging him with a felonious breaking and entry into a certain storehouse, shop, and other building with intent to commit larceny of personal property therein kept. The trial judge consolidated these seven cases for judgment and sentenced him to a term of imprisonment in the State's prison for a period of not less than four nor more than seven years. Potter was committed to the State's prison on 14 August 1962, and began the service of this sentence.

At the 20 August 1962 Term of Nash County superior court, petitioner John Robert Potter entered a plea of guilty to an indictment charging him in one count with a felonious breaking and entry into a certain storehouse, shop, and other building occupied by the Nash County Alcoholic Beverage Control Board with intent to commit larceny of personal property therein kept, and in a second count with the larceny of 48 cases and 23 bottles of ABC whisky of the value of $2,-888.05 therein kept. The trial judge sentenced him to a term of imprisonment in the State's prison for a term of three years, "said sentence to begin at the expiration of sentence imposed in Wayne County superior court August Term 1962 in Case No. 7162 and consolidated cases therewith for judgment." Potter was committed to the State's prison on 22 August 1962 pursuant to this judgment.

At the 10 August 1964 Session of Wayne County superior court, Judge Joseph W. Parker in a post conviction hearing, G.S. 15-217 through G.S. 15-222, entered an order in which he "set aside and nullified" the prison sentence of not less than four years nor more than seven years imposed upon Potter at the 13 August 1962 Term of Wayne County superior court, for the reason that Potter was not represented by counsel at the trial of the seven cases in which the prison sentence was imposed, and had not waived his right to have counsel represent

him at such trial. In his order he further decreed that Potter should appear at the November 1964 Session of Wayne County superior court to stand trial again on these seven indictments.

It is the starting time of the sentence imposed at the 20 August 1962 Term of Nash County superior court with which we are concerned. The case of *Brown v. Commissioner of Correction,* 336 Mass. 718, 147 N.E. 2d 782, 68 A.L.R. 2d 708 (5 February 1958) had substantially similar facts as in the instant matter. The facts in the *Brown* case were: On 13 May 1952 the plaintiff Brown was convicted in Middlesex County on three indictments and was sentenced on each to serve from five to seven years in the State prison, the sentences to run consecutively. On 23 September 1952 the plaintiff was convicted in Suffolk County on five indictments and was sentenced on each to from three to five years in the State prison. These sentences were concurrent and were to commence "from and after" the expiration of the Middlesex sentences. In 1956 the plaintiff brought a writ of error in the Massachusetts Supreme Judicial Court to have the Middlesex conviction set aside. Pursuant to an opinion of the full court, *Brown v. Commonwealth,* 335 Mass. 476, 140 N.E. 2d 461, judgment was entered on 11 March 1957, setting aside the Middlesex convictions on the ground that the plaintiff, who did not have the assistance of counsel, was prejudiced by a series of incidents during the trial which probably would not have occurred had he had counsel. On 30 April 1957 the plaintiff was brought before the superior court in Middlesex County and pleaded guilty to two of the indictments and was placed on probation for one year on each. The third indictment was *nol prossed.* In the case at bar a final decree was entered adjudicating that the plaintiff started serving his Suffolk sentences on the day they were imposed, 23 September 1952. The defendant appealed. The defendant contended that the Suffolk sentences commenced to run on 30 April 1957, the date when the plaintiff was brought into court following the decision of the Massachusetts Supreme Judicial Court. The plaintiff on the other hand contended that the decree below was right, and that the Suffolk sentences commenced to run on 23 September 1952, the date of imposition. The Massachusetts Supreme Judicial Court refused to follow an earlier dictum to the contrary in *Kite v. Commonwealth,* 52 Mass. (11 Met.) 581, and upheld the decree below holding that the Suffolk sentences commenced on the date of their imposition, and that this was true regardless of whether the earlier conviction was considered void or merely voidable. The Court in its opinion said: "The rule for which the plaintiff contends is not without support in some of the more recent cases. See, for example, *Youst v. United States,* 5 Cir., 151 F. 2d 666,

668; *Ekberg v. United States,* 1 Cir., 167 F. 2d 380, 388. We think this is the better and more humane view, for only in this way can a prisoner receive credit, not as a matter of grace, but as of right, for time served under an erroneous conviction." The Massachusetts Court also held that their statute relating to "from and after" sentences does not cover this situation.

There is some contrary opinion. Unquestionably the leading case in support of the proposition that where the first of consecutive sentences is invalidated, the second valid sentence runs as of the date of the invalidation of the first is to be found in Massachusetts in which the view supported by the leading case is no longer the law. The leading case is *Kite v. Commonwealth, supra,* 1846, and the view expressed there bearing the great name of Chief Justice Shaw was held to be dictum, and repudiated in *Brown v. Commissioner of Correction, supra.* Annotation 68 A.L.R. 2d 712, 720-21; this is an illuminating annotation entitled "Effect of Invalidation of Sentence upon Separate Sentence which runs consecutively." It seems that few courts of last resort have had occasion to pass upon the subject discussed in this annotation.

We think the view expressed in *Brown v. Commissioner of Correction, supra,* is sound law, and certainly "the better and more humane view," and we adopt it as law in this jurisdiction. We hold that when the sentence imposed upon Potter at the 13 August 1962 Term of Wayne County superior court was invalidated, the later sentence imposed upon him at the 20 August 1962 Term of Nash County superior court, which was to begin at the expiration of the sentence imposed upon him in Wayne County, commences from the first day of the term of the Nash County superior court when it was imposed.

When this case is certified down to the Nash County superior court, the presiding judge at the first criminal term thereafter will direct the clerk of the Nash County superior court by written order placed in the minutes of the court to send another commitment to the State's prison in the case of *State v. John Robert Potter* tried at the 20 August Term 1962 of Nash County superior court stating that the sentence in this case was for a term of imprisonment in the State's prison for a term of three years, "said sentence to begin at the expiration of sentence imposed in Wayne County superior court August Term 1962 in Case No. 7162 and consolidated cases therewith for judgment," which is set forth in the original commitment; and that the prison sentence imposed in Wayne County superior court August Term 1962 has been invalidated, and, therefore, the sentence imposed in Nash County superior court commences from the date of the first day of the term when it was imposed, to wit, 20 August 1962.

Petition for writ of *certiorari* allowed and remanded with directions.