**William N. BARROW**

v.

**STATE OF NORTH CAROLINA and Major Hugh A. Logan.**

Civ. No. 1757.

United States District Court
E. D. North Carolina,
Raleigh Division.

Oct. 22, 1965.

William N. Barrow, pro se.

T. Wade Bruton, Atty. Gen. of North Carolina, Raleigh, N. C., for respondents.

BUTLER, Chief Judge.

This is an application by a state prisoner for a writ of habeas corpus. It appears to the court from the verified application, answer of respondent, and the state court records, that petitioner was convicted of armed robbery at the June 1958 Term of the Superior Court of Beaufort County and was sentenced to a term of 7 to 10 years in the state prison; at the June 1961 Term of the Superior Court of Lenoir County petitioner was convicted of escape and was sentenced to a term of 2 years, to begin at the expiration of the armed robbery

sentence; thereafter he filed a petition for a post-conviction hearing to declare the robbery conviction void for lack of counsel; at the June 1964 Term of the Superior Court of Beaufort County the robbery conviction was vacated and set aside and petitioner thereupon pleaded guilty to robbery and was sentenced to a term of 12 months, to begin at the expiration of the escape sentence.

Petitioner here attacks the conviction for escape on the ground he was tried without counsel; the respondent's answer alleges that the petitioner has served the escape sentence and that petitioner's contention is moot. The respondent further contends that petitioner is lawfully detained under the sentence imposed for robbery at the new trial in 1964. Thus, the lawfulness of petitioner's present detention is at issue.

The question with which we are concerned is as follows: When the first of consecutive sentences imposed at separate times is declared void, does the later sentence commence as of the date of imposition of that sentence, or as of the date of the invalidation of the first sentence?

In Potter v. State, 263 N.C. 114, 139 S.E.2d 4 (1964), Potter was sentenced on 13 August 1962, to a term of not less than 4 nor more than 7 years upon conviction for felonies. On 20 August 1962, Potter entered a plea of guilty to a felony and was sentenced to a term of 3 years to begin at the expiration of the prior sentence. On 10 August 1964, in a post-conviction hearing, the court vacated the sentence of not less than 4 nor more than 7 years imposed on 13 August 1962, and ordered a new trial for the reason that Potter was not represented by counsel at the trial and had not waived his right to counsel. The court held that when the first of consecutive sentences imposed at separate times is vacated, the second sentence commences from the first day of the term at which it was imposed. The court said:

"Unquestionably the leading case in support of the proposition that

where the first of consecutive sentences is invalidated, the second valid sentence runs as of the date of the invalidation of the first is to be found in Massachusetts in which the view supported by the leading case is no longer the law. The leading case is Kite v. Commonwealth, supra, 1846 [11 Metc., Mass., 581], and the view expressed there bearing the great name of Chief Justice Shaw was held to be dictum, and repudiated in Brown v. Commissioner of Correction, supra [336 Mass. 718, 147 N.E.2d 782]. Annotation 68 A.L.R.2d 712, 720–21; this is an illuminating annotation entitled 'Effect of Invalidation of Sentence upon Separate Sentence which run consecutively.' It seems that few courts of last resort have had occasion to pass upon the subject discussed in this annotation.

"We think the view expressed in Brown v. Commissioner of Correction, supra, is sound law, and certainly 'the better and more humane view,' and we adopt it as law in this jurisdiction. We hold that when the sentence imposed upon Potter at the 13 August 1962 Term of Wayne County superior court was invalidated, the later sentence imposed upon him at the 20 August 1962 Term of Nash County superior court, which was to begin at the expiration of the sentence imposed upon him in Wayne County, commences from the first day of the term of the Nash County superior court when it was imposed."

This court is in accord with the view expressed by the North Carolina Supreme Court. Therefore, it follows that when the sentence of 7 to 10 years for robbery imposed upon the petitioner at the June 1958 Term of the Superior Court of Beaufort County was vacated at the June 1964 Term, the sentence of 2 years for escape imposed at the June 1961 Term of the Superior Court of Lenoir County commenced from the first day of the term at which it was imposed, that is, on

or about 19 June 1961, and terminated not later than 19 June 1963. Whether the twelve-month sentence for robbery imposed at the new trial in the Superior Court of Beaufort County at the June 1964 Term commenced from the date of its imposition or began at the expiration of the escape sentence on or about 19 June 1963, is unnecessary to decide, for the reason that in either event the defendant has fully served all valid sentences imposed upon him and is entitled to immediate release.

It is, therefore, ordered that petitioner be released from all restraint and custody by virtue of the sentences for armed robbery and escape.

It is further ordered that the Clerk of this court serve forthwith a copy of this order upon the petitioner, the Attorney General of the State of North Carolina, the Solicitor for the Eighth Solicitorial District of North Carolina, Major Hugh A. Logan, Superintendent, Odom Prison, and the Director of Prisons for the State of North Carolina.