Billy Archie NORKETT, Petitioner,

v.

M. L. STALLINGS, Supt., and the State of North Carolina, Respondents.

Civ. No. 1808.

United States District Court
E. D. North Carolina,
Raleigh Division.

Feb. 28, 1966.

Billy Archie Norkett, pro se.

T. Wade Bruton, Atty. Gen., Raleigh, N. C., for respondent.

BUTLER, Chief Judge.

This is an application for writ of habeas corpus by Billy Archie Norkett, a state prisoner. It appears from the verified application, answer of respondents, and state court records, that peti-

tioner is confined pursuant to a sentence of two years imposed at the March 1964 Term of Mecklenburg County Superior Court upon a plea of guilty [1] of breaking, entering and larceny. The State admits [2] that petitioner has exhausted state remedies, and the case is therefore ripe for consideration by this court.

In support of the contention that his custody violates the federal constitution, petitioner alleges that he has completed service of a sentence imposed upon an earlier conviction for the very crime which results in his current incarceration.[3] Petitioner asserts that, because he already had completed the earlier sentence when the State tried him anew for the same crime, he is a victim of double jeopardy which makes his second conviction void and commands his immediate release.

The facts in the case are confusing because of the numerous offenses and the nature of the sentences imposed. But we glean from the record this chronology:

1. In August 1959, petitioner pleaded guilty to four charges in Mecklenburg County Superior Court. There were three cases of breaking, entering and larceny (Nos. 30–789, 30–790, and 30–792), and one case of larceny from the person (No. 30–791). Petitioner was sentenced to two years on each charge, the terms to run consecutively. Service of No. 30–789 began immediately.

2. In March 1960, petitioner was again tried in Mecklenburg County Superior Court, where he received a sentence of ten years in Case No. 31–715 on another charge of breaking, entering and larceny. The term was to run concurrently with the sentences imposed in August 1959.

3. In April 1960, petitioner pleaded guilty in Ashe County Superior Court to escape, in Case No. 271, and received twelve months.[4] It is not clear whether this term was to run consecutively or concurrently, but the question does not affect the outcome of this case. The State treated the sentence as *not* running concurrently.

4. In February 1964, petitioner brought a post-conviction action in the state courts, attacking the convictions in Cases Nos. 30–789, 30–790, 30–791, 30–792, and 31–715, listed in paragraphs 1 and 2 above. He alleged he neither had, nor waived, counsel at the trial of these cases. The sentences were vacated and petitioner was granted new trials and, through court-appointed counsel, entered a plea of guilty in each of the five cases.

5. Meanwhile, after the sentences were vacated as stated in paragraph 4 above, the State on February 4, 1964, put into effect the twelve-months sentence received by petitioner in Case No. 271 (escape) discussed in paragraph 3 above. In the answer here, the respondents say service of this sentence was completed December 6, 1964.

6. At his new trial in March 1964, petitioner was given two years in Case No. 30–789, to begin at the expiration of the sentence for escape in Case No. 271; fifteen to twenty-four months in Case No. 30–790, to begin at the expiration of the sentence in Case No. 30–789; and prayer for judgment was continued for a five-year period in Cases Nos. 30–791, 30–792, and 31–715.

7. Subsequent to the new trial, petitioner again escaped. In Case No. 1872, resulting from this offense, petitioner received six months to begin at the con-

---

1. Petitioner alleged in a collateral state proceeding that he did not knowingly and willingly plead guilty at the 1964 trial, but the post-conviction court after hearing evidence ruled against him. The issue of voluntary plea is not before this court.

2. Answer of Respondents, p. 2.

3. The respondents have filed a stipulation in this cause conceding that petitioner had completed service of the sentences here attacked when he was retried for the *offenses giving rise to those sentences.*

4. Petitioner alleges that this conviction was in October 1960. Since the result here is not affected by whether the conviction was in April or October, we accept the date alleged by the Answer of the respondents, which is supported by certified copies of commitments.

clusion of the sentences in Cases Nos. 30–789 and 30–790.

Stated succinctly, petitioner alleges here that he is serving a prison sentence for an offense for which he had paid his debt to society when that sentence was imposed; that if it were not for the current sentence, no other active sentence would operate to restrain his liberty; thus, he is entitled to his release.

The facts support petitioner's position. At the time post-conviction relief was granted in the state court in 1964, petitioner had already served the sentences in Cases Nos. 30–789, 30–790, and 30–791, and he was then serving the sentence in Case No. 30–792. Petitioner alleged that the convictions in *all* of the cases were void because he had no counsel at the trial in 1959. The post-conviction court agreed, but instead of finding that petitioner had already completed the sentences in Nos. 30–789 and 30–790 so that he would not have to face retrial on these, the court voided *all* of the convictions and ordered a new trial for each, including Nos. 30–789 and 30–790.[5]

■ When he was subsequently retried, the only active sentences imposed were imposed in Nos. 30–789 and 30–790—the very cases in which petitioner contends he had completed his sentences. Prayer for judgment was continued in Nos. 30–791, 30–792, and 31–715. It would appear, therefore, that no valid active sentence—if there is legal merit in petitioner's double jeopardy argument—was ever in effect as a result of the new trial, and the only question is whether petitioner is properly confined under any other active sentence which he has not attacked and which therefore bars his release in habeas corpus.[6]

By the respondents' admissions, petitioner completed service of the twelve-months escape sentence in Case No. 271 on December 6, 1964. But while serving the escape sentence, petitioner again escaped. He was apprehended and tried for the latter escape in Case No. 1872, McDowell County Superior Court, in January of 1965. He received six months, to begin at the expiration of the sentences in Cases Nos. 30–789 and 30–790. If those latter two convictions were void, however, petitioner, under now familiar rules, would have begun service of the term in No. 1872 on the first day of the term at which it was imposed, and that sentence now would be completed. Barrow v. State of North Carolina (Logan) (E.D.N.C.1965), 251 F.Supp. 612; Potter v. State, 263 N.C. 114, 139 S.E.2d 4 (1964). Since no other active sentences are in effect, petitioner would be entitled to his release.

■■ At the outset it should be noted that the fifth amendment prohibition against double jeopardy[7] may operate, where applicable, to secure by habeas corpus the *release* of a person whose incarceration results from double jeopardy, just as it may be interposed as a *defense* in a subsequent trial. Thus, one in federal custody under a second sentence for the same federal offense is entitled to effect his release by habeas corpus upon a showing that he has theretofore been convicted under the same facts in the same court for the same statutory offense. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872 (1874).

---

5. The state court's action in this regard is questionable under the North Carolina statute, which seems to require that a complainant be in custody under the sentence which he attacks, or otherwise prejudiced by it. N.C.Gen.Stat. §§ 15–217 to 15–222. If petitioner here had already served Nos. 30–789 and 30–790, it would appear he could not meet the requirements for an attack. The issue regarding the constitutionality of those convictions would be moot.

6. The rule is that, even though other convictions may be tainted, a habeas court will inquire only into the validity of the conviction which is responsible for the current restraint.

7. " * * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; * * *." Amend. 5, U.S.Const.

The question here is whether the fifth amendment protection against double jeopardy is applicable to the state courts, so that petitioner, having once been convicted in Nos. 30–789 and 30–790, and having served the sentences therein, could not again be constitutionally tried and sentenced by the same court under the same facts for the same statutory offense.

■ The rule pronounced without regard to the Due Process Clause of the fourteenth amendment,[8] is that prohibitions against double jeopardy do not apply to the states. Brock v. State of North Carolina, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1952), United States ex rel. Battle v. Fay, 219 F.Supp. 798 (D.C.N.Y.1963). But it is settled that particular instances of state action, while not subject to attack by virtue of the fifth amendment alone, can be so universally shocking to the conscience of the general citizenry as to constitute a violation of the Due Process Clause of the fourteenth amendment. Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). Where it appears that due process has been abridged, the fourteenth amendment then may operate to extend to the states the privileges accorded by the fifth amendment, in order to preserve those "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions." Palko v. State of Connecticut, supra, 302 U.S. at 328, 58 S.Ct. at 153, Kohlfuss v. Warden, 149 Conn. 692, 183 A.2d 626 (1962), cert. denied, 371 U.S. 928, 83 S.Ct. 298, 9 L.Ed.2d 235.

In Betts v. Brady, 316 U.S. 455, 462, 62 S.Ct. 1252, 1256, 86 L.Ed. 1595, it was said:

"Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth. The phrase formulates a concept less rigid and more fluid than those envisaged in other specific and particular provisions of the Bill of Rights. Its application is less a matter of rule. Asserted denial is to be tested by an appraisal of the totality of facts in a given case. That which may, in one setting, constitute a denial of fundamental fairness, shocking to the universal sense of justice, may, in other circumstances, and in the light of other considerations, fall short of such denial. In the application of such a concept there is always the danger of falling into the habit of formulating the guarantee into a set of hard and fast rules the application of which in a given case may be to ignore the qualifying factors therein disclosed."

In the cited case of Brock v. State of North Carolina, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1952), plaintiff pleaded double jeopardy by virtue of a subsequent trial following an earlier mistrial. There had been no adjudication of the case and no sentence had been imposed when the mistrial was entered. Under these facts, the Court held that plaintiff had not stated grounds for reversal of his conviction by virtue of the double jeopardy provision of the fifth amendment. It was noted that the fifth amendment provision regarding double jeopardy, in the absence of a violation of due process, does not apply to the state courts. Concurring in the decision, Justice Frankfurter noted that:

"* * * A State falls short of its obligation [to deal fairly and justly, as required by the fourteenth amendment's Due Process Clause] when it callously subjects an individual to successive retrials on a charge on which he has been acquitted or prevents a trial from proceeding to a termination in favor of the accused merely in order to allow a prosecutor who has been incompetent or casual or even ineffective

8. "* * * nor shall any State deprive any person of life, liberty, or property,

without due process of law; * * *." Amend. 14, U.S.Const.

to see if he cannot do better a second time." 344 U.S. at 429, 73 S.Ct. at 351.

To subject a defendant to a second trial in the same court under the same facts for the same offense, it seems to us, would be more shocking to the conscience of the general citizenry, when he has already served sentences for those very crimes, than to subject him to successive trials on a charge on which he has been acquitted—a practice which Justice Frankfurter said in *Brock* would violate the Due Process Clause of the fourteenth amendment. If it is unconstitutional to try again after an acquittal, surely it would be unconstitutional to try again after conviction when the sentence imposed at the earlier conviction had already been served. The "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions", Palko v. State of Connecticut, supra, should prevent such state action.

■ The rule that a prisoner waives the objection of double jeopardy by collaterally attacking his conviction[9] does not apply here. Petitioner could not collaterally attack the sentences he had already served because he was not then in custody under them.[10] And, if these sentences were not attacked, it follows that the double jeopardy objection was not waived as to them.[11] At the time petitioner was afforded post-conviction relief he had completed service of sentences in Cases Nos. 30–789 and 30–790. The Due Process Clause of the fourteenth amendment prevents a later conviction for the same crimes, if not by explicit application of the safeguards of the fifth amendment then by reason of common justice and a sense of fair play. We conclude, therefore, that the March 1964 convictions of petitioner in Nos. 30–789 and 30–790, without regard to his plea, are null and void, and that the federal constitution commands his release from all custody emanating from the sentences entered in those cases.

■ Having declared these two convictions void, the remaining parts of petitioner's puzzle fall into place. As has been noted, he has completed service of the sentence in Case No. 271. The only other active sentence to which he was subject when he brought this action was a six-months term in No. 1872, sentence having been imposed in January 1965, to run consecutively to the terms in Nos. 30–789 and 30–790. Since these latter two are void, it follows that sentence in No. 1872 began as of the first day of the term at which it was imposed, Potter v. State, 263 N.C. 114, 139 S.E.2d 4 (1964), Barrow v. State of North Carolina (Logan) (E.D.N.C.1965), 251 F.Supp. 612, and now has expired. In the absence of commitment for service of a valid active sentence, petitioner is entitled to his release.[12] Now, therefore,

It is ordered that petitioner be immediately released from all restraint and custody by virtue of the sentences in Nos. 30–789, 30–790, and 1872.

It is further ordered that the clerk of this court serve forthwith a copy of this order upon the petitioner, the Attorney General of the State of North Carolina, the Solicitor for the Fourteenth-A Solicitorial District of North Carolina, Major M. L. Stallings, and the Director of Prisons for the State of North Carolina.

9. See Brewster v. Swope, 180 F.2d 984 (9 Cir. 1950).

10. See Fn. 5, supra.

11. Of course, double jeopardy is no defense to any crime which resulted in the sentence petitioner was serving when he brought the post-conviction action. Brewster v. Swope, supra.

12. Prayer for judgment was continued in Cases Nos. 30–791, 30–792, and 31–715 at the new trials in March 1964. The respondent now concedes that petitioner had completed service of sentence in No. 30–791 at the time of the collateral attack in 1964, so that the judgment entered at the new trial in this case is void. The order of this court is, of course, without prejudice to the State to take such further action in Cases Nos. 30–792 and 31–715 as may be proper.