Argued September 29, affirmed October 25, 1976

# BOBBY DEAN JAMISON, *Respondent,*

*v.*

# CUPP, *Appellant.*

## (No. 95712, CA 6545)

555 P2d 475

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for appellant, With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*R. Craig McMillin,* Salem, argued the cause for respondent. With him on the brief was Mills & McMillin, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

## TANZER, J.

The state appeals from an order of the circuit court granting a petition for habeas corpus and ordering the plaintiff released.

On March 19, 1971 plaintiff was convicted of a crime and sentenced to serve a term of eight years. Thereafter, plaintiff was convicted of escape in the second degree, and on August 8, 1974, was sentenced to serve an additional consecutive term of six months. On February 12, 1976 the 1971 conviction was set aside. There will be no further prosecution of that charge. When this proceeding was initiated, plaintiff had been incarcerated continuously since before August 8; 1974.

The issue is at what date a consecutive sentence is considered to commence when the conviction underlying the initial sentence is vacated. If, as plaintiff contends, it commences on the date of its imposition, then he is entitled to be released because the escape sentence had already been fully served when this petition was filed. If, however, as the state contends, the second sentence commences when the initial sentence is invalidated, then plaintiff has not completed the escape sentence and the writ of habeas corpus was improperly granted.

This is a case of first impression in Oregon. The state relies on dicta in *Kite v. Commonwealth,* 52 Mass (11 Met) 581 (1846), to the effect that reversible error only renders a conviction voidable. Thus it remains in full force and a person may be properly incarcerated exclusively under it until it is reversed. Only then does a subsequent consecutive sentence commence. Massachusetts has since overruled the *Kite* rule, *Brown v. Commissioner of Correction,* 336 Mass 718, 147 NE2d 782, 68 ALR2d 708 (1958).

The state points out that the United States Supreme Court cited *Kite* with approval in *Blitz v. United States,* 153 US 308, 14 S Ct 924, 38 L Ed 725

[ 111 ]

(1894). It did so, however, while holding that where consecutive sentences are imposed, at the same time, on separate counts and the conviction on the first count was erroneous, it is unnecessary to have a new trial on the remaining count. Ultimately, the Court concluded in *Blitz* that the consecutive sentence should be deemed to have commenced when imprisonment began on the vacated conviction. There is no indication, in *Blitz* or elsewhere, that the Supreme Court has adopted the position here advocated by the state and the lower federal courts have consistently resolved the issue to the contrary.[1]

State courts which have considered the question have, with apparent unanimity, also ultimately adopted the date of imposition approach.[2] It has also been adopted by the American Bar Association's Criminal Justice Project. American Bar Association, *Standards Relating to Sentencing Alternatives and Procedures,* § 3.6(d) (Approved Draft 1971). Although the issue has not generally been viewed as being of constitutional dimension,[3] the courts have consistently resolved it on the basis of traditional notions of

---

[1] *Goodwin v. Page,* 418 F2d 867 (10th Cir 1969); *Ekberg v. United States,* 167 F2d 380 (1st Cir 1948); *Youst v. United States,* 151 F2d 666 (5th Cir 1945); *United States v. Rundle,* 279 F Supp 153 (ED Pa 1968); *United States v. Maroney,* 264 F Supp 684 (MD Pa 1967); *Barrow v. State of North Carolina,* 251 F Supp 612 (ED NC 1965).

[2] *State v. Owen,* 2 Ariz App 580, 410 P2d 698 (1966); *People ex rel. Willis v. Brantley,* 6 Ill App 3d 645, 285 NE2d 571 (1972); *Stidham v. Sowers,* 260 La 200, 255 So 2d 740 (1971); *Green v. State,* 245 A2d 147 (Me 1968); *Brown v. Commissioner of Correction,* 336 Mass 718, 147 NE2d 782, 68 ALR2d 708 (1958); *Potter v. State,* 263 NC 114, 139 SE2d 4 (1964); *In re Oponowicz,* 100 Ohio App 531, 60 Ohio Op 409, 72 Ohio L Abs 516, 135 NE2d 778 (1955); *Com. ex rel Ulmer v. Rundle,* 421 Pa 40, 218 A2d 233 (1966) (by implication), *explained in Com. ex rel Ackerman v. Russell,* 209 Pa Super 467, 228 A2d 208 (1967). *See also, Helton v. Mayo,* 153 Fla 616, 15 So 2d 416 (1943); *Bennett v. Hollowell,* 203 Iowa 352, 212 NW 701 (1927); *Ex parte Roberts,* 9 Nev 44, 16 Am R 1 (1873).

[3] *But see, Goodwin v. Page,* supra, 418 F2d at 868:

"* * * To hold otherwise [than that the date of imposition controls] would abuse due process, shock the judicial conscience and effect the imposition of cruel and unusual punishment under the eighth amendment. * * *"

[ 112 ]

fair play which underlie the due process concept and the absence of any but technical reasons to the contrary. We are aware of no jurisdiction which presently adheres to the *Kite* rule and we decline to be the first to resurrect that doctrine. We hold that, the conviction underlying plaintiff's first sentence having been set aside, the consecutive sentence is deemed to have commenced when imposed. Consequently, plaintiff is deemed to have served the escape sentence and his release was properly ordered.[4]

It may well be, as the state contends, that in imposing the escape sentence the trial judge was influenced by the length of the pre-existing sentence. We cannot, however, speculate as to what the judge's sentence might otherwise have been. Moreover, the Doctrine of Former Jeopardy[5] may preclude a resentencing.

Affirmed.

---

[4]Inasmuch as plaintiff's sentence is now fully served when measured from the date of its imposition, we need not consider whether plaintiff is entitled to credit against his sentence for the period of his incarceration after apprehension following his escape and prior to his conviction on the escape charge. ORS 137.320.

[5]U. S. Const Amend II; Oregon Const Art I, § 12.