John J. SIMMONS, Petitioner v. The STATE, Respondent.

(471 S.E. (2d) 455)

Supreme Court

Oct. 7, 1993.

50

## ORDER

Petitioner filed an "Emergency Petition for a Writ of Mandamus" seeking his immediate release. The Court granted petitioner's writ to address the novel issue of the effect of reversal of a conviction and sentence on a later imposed consecutive sentence. Construing his petition as a writ of habeas corpus, we hold petitioner's consecutive sentence commenced on the date of imposition rather than on the date the first sentence was reversed. Based upon documentation from the Department of Corrections, petitioner has served his sentence and therefore is entitled to be released.

On December 5, 1985, petitioner was convicted of possession of marijuana with intent to distribute and trafficking in cocaine in Georgetown County and sentenced to concurrent sentences of five and twenty-five years, respectively. On February 12, 1986, petitioner was convicted of trafficking in cocaine in Charleston County and sentenced to twenty-five years to run consecutively to the Georgetown sentences.

On April 13, 1987, this Court reversed petitioner's Charleston sentence and remanded the case for resentencing. *State v. Simmons*, Op. No. 87-MO-188 (S.C. Sup. Ct. filed April 13, 1987). On October 29, 1987, petitioner was resentenced to ten years, again to run consecutively to the Georgetown sentences. On June 8, 1992, petitioner was granted postconviction relief for the Georgetown convictions and sentences. *Simmons v. State*, 308 S.C. 481, 419 S.E. (2d) 225 (1992). The State does not intend to re-prosecute petitioner on the Georgetown offenses.

The State contends petitioner's consecutive Charleston sentence began to run on June 8, 1992, when this Court reversed petitioner's first conviction and sentence. Petitioner argues the consecutive sentence commences on the date it was imposed.

There is a split of authority on this issue. See *Effect of Invalidation of Sentence upon Separate Sentence Which Runs Consecutively*, 68 A.L.R. (2d) 712 (1959 and Supp. 1993) and cases cited therein. In addressing this issue, some courts have determined whether the first sentence was void or voidable. See e.g. *Ex parte Sams*, 67 So. (2d) 657 (Fla. 1953); *Smith v. Lovell*, 146 Me. 63, 77 A. (2d) 575 (1950). A sentence imposed by a court without jurisdiction is void. Whereas a sentence imposed by a court with jurisdiction is voidable only. *Ex parte Sams, supra.* These courts hold if the first sentence is void, the consecutive sentence commences on the date it was imposed. However, if the first sentence is voidable, the consecutive sentence commences on the date the first sentence is reversed. *Id.*

Most courts, however, have rejected the void versus voidable distinction and adopted a fundamental fairness view. See e.g. *Brown v. Commissioner*, 336 Mass. 718, 147 N.E. (2d) 782 (1958); *Green v. State*, 245 A. (2d) 147 (Me. 1968); *Potter v. State*, 263 N.C. 114, 139 S.E. (2d) 4 (1964); *Jamison v. Cupp*, 27 Or. App. 109, 555 P. (2d) 475 (1976). These courts have held the second sentence should begin to run on the date of its imposition if the prior sentence is reversed. *Id.* We agree with these cases and hold petitioner's consecutive sentence commenced on the date of imposition.

According to documentation from the Department of Corrections, with petitioner's consecutive sentence commencing on February 12, 1986, petitioner has completed his sentence. Therefore, we hereby order his immediate release.

/s/ David W. Harwell, C.J.
/s/ A. Lee Chandler, J.
/s/ Ernest A. Finney, Jr., J.
/s/ Jean H. Toal, J.
/s/ James E. Moore, J.