DOUGLAS F. LEWIS, PETITIONER
*vs.*
ALLAN L. ROBBINS, WARDEN
MAINE STATE PRISON

Knox.    Opinion, April 5, 1954.

*Seth May & John W. May,* for Petitioner.

*Roger A. Putnam, Asst. Atty. General,* for State.

SITTING: MERRILL, C. J., FELLOWS, WILLIAMSON, WEBBER, BELIVEAU, JJ. TIRRELL, J., did not sit.

BELIVEAU, J.    On exceptions.    This is a petition for a writ of Habeas Corpus.    Hearing was had before a Justice of the Supreme Judicial Court who denied the writ.    To his ruling exceptions were duly taken and the case is before this court on these exceptions.

There is no dispute about the facts, which show that on May 19, 1948, the prisoner was sentenced in the Superior Court for Lincoln County to serve not less than three nor more than six years in the State Prison. On November 25, 1950, he was conditionally paroled and released from prison. This parole was revoked on June 20, 1951 and a warrant issued for his return. On January 7, 1952 the petitioner pleaded guilty in the Superior Court for Cumberland County to a charge of breaking and entering committed December 5, 1951 while he was still at large. On this charge he was sentenced to serve a term of not less than one nor more than two years in the State Prison. On December 11, 1952, the petitioner having completed the sentence imposed in Lincoln County, and on which he was paroled, was duly notified that the sentence imposed in Cumberland County would begin on that date.

The position of the petitioner is that the sentences should run concurrently and the court in its interpretation of Sections 22 and 23, Chapter 136 of the Revised Statutes, should so rule.

Section 23 provides that "Any prisoner committing a crime while at large upon parole or conditional release and being convicted and sentenced therefor shall serve the 2nd sentence, to commence from the date of the termination of the 1st sentence, whether such sentence is served or annulled."

Section 22 provides that one who has violated the terms of his parole and for whose return a warrant has been issued shall "be treated as an escaped prisoner owing service to the state."

Was he an escaped prisoner or at large on parole for the purpose of sentence?

An escaped prisoner supposes the escape of a prisoner who is confined to a penal institution or in custody of an

officer. Here the petitioner did not "escape." He was given his freedom conditionally by the State and his liberty from confinement was enjoyed by virtue and because of the permission given him to go at large with the hope he would mend his ways and become a law abiding citizen. The violation of his parole and the commission of another crime did not affect his status in this respect. He was, in fact, free until apprehended on the Warden's warrant. To hold otherwise would make it possible for a parolee who has violated the terms of his parole, to avoid service of the maximum sentence by committing another crime before he was taken in custody on the Warden's warrant if, as here, the justice imposing the new sentence failed to specify that execution thereof was to commence upon expiration of the first sentence. The contention of the petitioner, if true, would violate the purpose and intent of Section 23 with respect to sentence. The purpose of Section 23 is to prevent simultaneous execution of the first and subsequent sentence and to make it mandatory that the second sentence begin at the expiration of the first sentence when the second sentence is imposed upon a prisoner for a crime committed by him while enlarged upon parole. The contention of the petitioner is that for crimes committed by a prisoner who has been enlarged on parole simultaneous service of the old and new sentences is possible if the parole has been revoked, but if not revoked consecutive service of the sentences is mandatory. An interpretation that would permit this result would not only be absurd but it would violate the very purpose and spirit of the statute. No such result, in our opinion, was intended by the Legislature, and there can be no such interpretation of the two sections involved here.

It is a well known rule of law that, unless otherwise ordered, one or more sentences imposed at the same time, shall run concurrently. The statute in this case, Section 23 of Chapter 136, R. S. (1944), is direct, positive and manda-

tory and no action by the court can change or vary its provisions.

If a precedent is needed *Mercer* v. *Fenton*, 120 Neb. 191, 231 N. W. 807, is in point. The statute interpreted in that case reads, almost word for word, like the statute under consideration, and its purpose is to bring about the same results. The facts are similar to those in this case.

We adopt the language used by the Supreme Court of New Jersey in *State* v. *Link et al.*, 102 Atl. (2nd) (N. J.) 609, 613, having to do with interpretation of a criminal statute. The court said:

"A statute will not be construed contrary to the over-all purpose envisioned by the Legislature as it is discerned from the context of the entire mandate, and restrictions or limitations not specifically contained therein will not be added by judicial interpretation, especially if they are prejudicial to the public good."

We hold there is no conflict between Sections 22 and 23 and that the sentences did not run concurrently.

*Exceptions overruled.*