Frank Cressey

*vs.*

State of Maine, et al.

Sagadahoc.   Opinion, July 6, 1965.

*Charles A. Lane*, for Plaintiff.

*Richard J. Dubord, Attorney General,*
*John W. Benoit, Asst. Atty. Gen.*, for the State.

Sitting: Williamson, C. J., Webber, Sullivan, Marden,
Rudman, JJ.   Tapley, J., did not sit.

Marden, J.   On appeal from dismissal of petition for
post-conviction relief.

The chronology, in pertinent detail, of the appellant's appearances before the Superior Court, out of which his current petition for post-conviction relief arises, is as follows:

October Term 1962, Criminal Docket No. 3420, Sagadahoc County, petitioner while on parole from sentence upon conviction for crime against nature was indicted for a similar offense. The court appointed counsel, and on October 16, 1962 after conviction by jury, he was sentenced to serve not less than three years and not more than eight years in the State Prison.

In the record of the interrogation and Mr. Cressey's responses, at time of sentence, appears this statement by the presiding justice:

> "The three years is the minimum that I justify my conscience to give you, considering the fact that when you were on parole that you violated your parole by going back and committing almost the identical offense you were serving the prison sentence for. Your sentence, this sentence is running concurrently to the one you are serving. It isn't consecutive, but I want * * * ."

The written sentence (judgment) imposed the three to eight year term without other statement.

Chapter 149, § 1, R. S., 1954, the statute in effect at the time of sentence, provided:

> " * * * . The court shall rule, and in appropriate cases shall endorse, on the mittimus, that the terms of imprisonment shall be served concurrently or consecutively; * * * . In the event the court fails to so rule or endorse, said sentences shall be served concurrently. * * * ."

Chapter 27-A, § 16, R. S., 1954, provided:

> " * * *. Any parolee who commits an offense while on parole who is sentenced to the state prison shall serve the second sentence beginning

on the date of termination of the first sentence,
unless the first sentence is otherwise terminated
by the board." (Parole Board.)

On April 15, 1963, in Knox County Superior Court over
which the same justice was presiding, petitioner pro se
petitioned that justice by name for a writ of error (Docket
No. 2822) complaining that he had been informed by prison
officials that his Sagadahoc County sentence could not run
concurrently with that which he was serving on parole and
sought to have the Sagadahoc County sentence confirmed
as concurrent, rather than consecutive. The request was
appropriately addressed.

Upon the petition the justice reviewed the record which
a writ of error would bring before him, considered the mat-
ter upon its merits and by decree of May 1, 1963 dismissed
the petition. No exceptions were taken.

A writ of error reached only errors evident upon the face
of the record. *Nissenbaum* v. *State*, 135 Me. 393, 396, 197
A. 915.

By Public Laws 1961, Chapter 131, a new Chapter, 126-
A was added to R. S., 1954 providing for post-conviction
*coram nobis* to reach errors of fact, not of record, with
right to review as in civil actions. This statute became
effective September 16, 1961.

By petition dated August 20, 1963 addressed to the Oc-
tober Term 1963 Superior Court, Sagadahoc County
(Docket No. 3453), appellant pro se sought a writ of error
*coram nobis*, again seeking relief from the consecutive sen-
tence, complaining of incompetent counsel and deprivation
of a fair trial. No indigency was alleged and no appoint-
ment of counsel was requested.

The State responded with a motion to dismiss challenging
the adequacy of the facts pleaded and, without hearing, the

motion to dismiss was granted July 9, 1964. No appeal was taken.

Our present statute providing post-conviction relief (Habeas Corpus) had meantime been enacted (P. L., 1963, Chapter 310) and had become effective September 21, 1963. This statute amended R. S., 1954, Chapter 126, Habeas Corpus, and became Sections 1-A to 1-G, inclusive, of that chapter; and Chapter 126-A, R. S., 1954 (Coram Nobis) and §§ 11 and 12 of Chapter 129, R. S., 1954 (Writ of Error) were repealed.

By petition dated July 22, 1964, Sagadahoc County (Docket No. 3487), petitioner seeks post-conviction relief under R. S., 1954, Chapter 126, §§ 1-A to 1-G (now 14 M.R.S.A., § 5502 *et seq*) challenging the validity of the October 1962 sentence, and the jurisdiction of the court and asking that counsel be appointed. Affidavit of his indigency was filed.

The State responded with motion to dismiss, pleading 1) that the decree on the petition for writ of error had adjudicated the matter, 2) that having petitioned for writ of error no grounds for relief were here asserted which could not reasonably have been raised in that earlier petition, and 3) that the present petition includes complaints waived by the earlier petition for writ of error *coram nobis*.

The member of this court to which the matter was assigned held that the appellant's petition was without merit, denied appointment of counsel, and dismissed the petition, holding that the validity of the sentence had been adjudicated, that the present petition expressed no grounds for relief which could not reasonably have been raised in the previous petition for writ of error *coram nobis*.

To this dismissal, appeal pro se was claimed, and as reasons therefor, petitioner stated, in substance, that he had been denied constitutional rights, and that his sentence was

legal error. In his statement of points of appeal he alleged indigency and requested court appointed counsel. Indigency was determined and counsel for appeal was appointed.

Counsel for petitioner has briefed and argued two points. One, whether the presiding justice, to whom the post-conviction process was assigned, erred in dismissing the petition on the ground of *res judicata,* and in denying appointment of counsel, and two, whether the Justice of the Superior Court erred in his decision of May 1, 1963.

The original papers in the three proceedings mentioned have been brought before this court.

The complaint in which appellant has persisted throughout the three proceedings is that the sentence awarded in Sagadahoc County was erroneous in that while the presiding justice announced that the sentence then imposed was to be executed concurrently with the subsisting sentence which the respondent was serving while on parole (and to the unexecuted portion thereof facing him upon revocation of his parole), he is in fact being required to serve the two sentences consecutively. He urges that the sentencing court was in legal error in failing to enter as a term of the written sentence, which was the judgment in the case, *State* v. *Stickney,* 108 Me. 136, 79 A. 370; *Nissenbaum, supra,* at 396, that it should be served in concurrence with that which he was then executing.

To reach the constitutional points which appellant raises, it must be noted that inasmuch as a writ of error can challenge only errors of record, the first process by which he could raise errors of fact, not of record, was his petition for writ of error coram nobis. In this, by virtue of the statute, he could and did also plead the alleged erroneous sentence of record. This was filed pro se, no representation of indigency, no counsel requested and properly dismissed for

lack of merit upon its face. Denial of court appointed counsel was not error. *Brine* v. *State,* 160 Me. 401, 407, 205 A. (2nd) 12. Lest it be felt by appellant that this dismissal prejudiced him solely because of insufficient pleading we here record that his complaint of incompetent counsel and unfair trial in general terms reflect only the perennial criticism of court appointed counsel who are unable to secure acquittals for the persons they dutifully represent as an ethical obligation. (See *Nelson* v. *The People* (C.A. 9) as abstracted in 33 L W 2646). No facts were pleaded upon which lack of "due process" could be predicated.

In the current petition for post-conviction relief he was entitled to plead facts either of record or not of record, "provided that the alleged error has not been previously or finally adjudicated or waived in * * * any other proceeding that the petitioner" had taken to secure relief from his conviction. 14 M.R.S.A., § 5502.

He re-asserts his claim of erroneous sentence and that the sentencing court "was not a court of competent jurisdiction in that * * * the court was not authorized to impose the particular sentence imposed."

The abiding question is the validity of the Sagadahoc County sentence of October, 1962. The challenge to jurisdiction, as qualified, is but a part of the same issue.

While both the Superior Court (on the *coram nobis* proceeding) and the single justice of this court (on the present proceeding) held correctly that the validity of the sentence had been adjudicated on petitioner's application for writ of error, we amplify our affirmation.

It is unnecessary to decide whether the transcript of the pre-sentence interrogation is or is not a part of the record. Under our post-conviction law it can be and has been brought into consideration. It may be conceded that the court did rule that the proposed three to eight year sentence

was to be executed concurrently with the sentence the respondent was then serving, but the court did not include that ruling in the judgment and he could not have legally done so by reason of the statutory mandate requiring otherwise. It may be conceded that this case, upon its face, was an appropriate one for the court's ruling to have been endorsed on the mittimus, but such endorsement reflecting the court's ruling would have been contrary to the statute, of no benefit to appellant and therefore not an appropriate case for such endorsement. His cases holding that erroneous sentences must be reversed do not control. The sentence here was not erroneous. The mandate of Section 16, Chapter 27-A, R. S., 1954, quoted above is the distinction.

The judgment rendered by the court as to the manner in which petitioner be required to serve his time was prescribed by that statute. The presiding justice could exercise no discretion in that respect.

The judgment and sentence as so governed are affirmed.

*Appeal denied.*