**Thomas Earl DUNN, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and State of Oklahoma, Respondents.**

**No. A–14865.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Thomas Earl Dunn, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION

PER CURIAM.

This is an original proceeding in which Thomas Earl Dunn, who is presently confined in the Oklahoma State Penitentiary, has petitioned this court for a writ of mandamus to direct the prison officials to correct their records to reflect that Petitioner is presently serving a sentence imposed in Canadian County rather than a subsequently imposed sentence from Oklahoma County; and that following the completion of his Canadian County sentence

that he be released from the penitentiary. In support of his application Petitioner alleges that on December 20, 1967, he was sentenced in the District Court of Canadian County, Case No. 33313, to a four year sentence and that on said date he was returned to the jurisdiction of Oklahoma County. Thereafter, on April 5, 1968, Petitioner was sentenced to a two year sentence, Case No. 33930, in the District Court of Oklahoma County. It is Petitioner's contention that he should have been booked into the penitentiary as serving the first sentence imposed from Canadian County and that the prison authorities have erred in booking him into the penitentiary as serving the Oklahoma County judgment and sentence prior to serving of the Canadian County sentence.

The records of the Oklahoma State Penitentiary reflect that Petitioner was received at that institution on April 10, 1968, under the judgment and sentence of District Court of Oklahoma County sentencing him to two years imprisonment for the crime of unauthorized use of a motor vehicle, Case No. 33930. Subsequently, on April 24, 1968, the penitentiary received the commitment papers on Petitioner from Canadian County sentencing him to serve a four year sentence, Case No. 33313.

From a review of the petition and the records of the penitentiary it is apparent that the prison officials have not committed an error which would justify the granting of a writ of mandamus as requested by Petitioner. It is true that the penitentiary officials do not have the discretion of crediting time served by an inmate on either of two or more convictions, but must credit time on the first conviction sustained by the inmate until that sentence has been satisfied. Ex parte Grimes, 92 Okl.Cr. 87, 221 P.2d 679. However, when the penitentiary receives a convict to be committed under the authority of a judgment and sentence, he must be booked into the institution as serving the sentence specified in that judgment and sentence. This is true even if the institution at a later date receives another

judgment and sentence holding the subject to serve an additional term of imprisonment which may have been imposed prior to the judgment and sentence under which he was originally received at the penitentiary. Ex parte Adams, 93 Okl.Cr. 95, 225 P.2d 385.

In the instant case the prison officials exercised no discretion in abuse of their authority as Petitioner was booked in under the judgment and sentence accompanying him when he was received at the penitentiary. Accordingly, we find no merit to the contention of the Petitioner in his application for a writ of mandamus and the same is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.