**Frederick R. TISE**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

May 14, 1970.

Eaton, Peabody, Bradford & Veague, by Thomas M. Brown, Bangor, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and MARDEN, DUFRESNE and POMEROY, JJ.

MARDEN, Justice.

On appeal from the denial of a petition for post-conviction relief, under 14 M.R.S.A. § 5502 et seq.

In January 1963 petitioner was charged with and entered a plea of guilty to grand larceny in Androscoggin County and was sentenced to a term of not less than 2 nor more than 4 years in the State Prison, the execution of which sentence was seasonably begun and from which he was seasonably paroled.

In April of 1965 in Penobscot County he was indicted on three charges of breaking, entering and larceny in the nighttime, committed while on parole, to which he entered pleas of guilty and was sentenced to serve not less than 2½ and not more than 5 years on each of said felonies, the sentences to be executed concurrently.

For the Penobscot offenses, his parole on the Androscoggin offense was revoked and he was required to execute in confinement the remainder of the Androscoggin sentence before undertaking execution of the Penobscot sentences.

In January of 1968 he filed in Penobscot County a petition for post-conviction relief from the Penobscot sentences, counsel was appointed, extensive hearings held, the last in November 1968, and relief was denied by Decree dated January 20, 1969.

By petition dated April 14, 1969, filed in Penobscot County, he seeks post-conviction relief from the 1963 Androscoggin conviction upon the grounds a) that the indictment was insufficient, and b) that

his court appointed counsel should have discerned such insufficiency and by such failure petitioner was deprived of effective assistance of counsel. By reason of these alleged errors, petitioner contends that he was required to execute an invalid Androscoggin sentence whereby his period of incarceration under the Penobscot sentences is being illegally extended.

Upon motion by the State the petition was dismissed without appointment of counsel or hearing, it being held to be without merit and technically frivolous as failing to satisfy the requirements of § 5507 which are designed to bring finality to litigation.

It is implicit in this decision that the single Justice ruled that under § 5507[1] the petitioner should have attacked the effect of the Androscoggin conviction in his January 1968 petition wherein all grounds for relief then existing should have been presented, or otherwise waived. Petitioner appealed, challenging such interpretation of § 5507, and questioning the reasonability of pleading in the January 1968 petition, his alleged aggrievements with both the Androscoggin and Penobscot convictions, for two reasons. First, that a logical interpretation of the post conviction statute, 14 M.R.S.A. § 5502 et seq., grants its remedy on a case by case basis[2] and an attempt to combine, as here, convictions from different counties would entail cumbersome administrative and hearing procedures not contemplated or intended. Second, that the law of Green v. State, Me., 245 A.2d 147 was not announced until August 20, 1968 and that he could not "knowingly and intelligently" waive in January 1968 a right created in August 1968. See Brine v. State, Me., 232 A.2d 88.

Inherently within petitioner's first point is the matter of venue, and § 5503[3] prescribes it to be in the county "where the conviction took place." The place of conviction under this statute is the county wherein the sentence under attack was imposed, and no question is raised about Penobscot vis a vis Androscoggin venue. While this provision dictates that petitions for post conviction relief attacking convictions per se must be filed on a county by county basis, it does not follow that the procedure must be on a case by case basis.

The prevalence of post conviction petitions, the efficient use of professional manpower and the intent of the statute require that one such proceeding per county of conviction cover "all grounds for relief" which petitioner could reasonably claim "in his original or amended petition." No inordinate problems of administration and hearing would necessarily result, and compensation for court appointed counsel might well be allowed on a multiple case basis.

It is recognized that there might be situations where reasonability would justify separate petitions addressed to convictions in one county, due to which possibility the "reasonability" test of § 5507 should remain flexible,—subject, however, to the above caveat. This consideration, however, does not prove controlling here.

As to petitioner's second proposition, it is true that *Green* became law on August 20, 1968 some seven months after petitioner's complaint was initiated, but three months prior to the close of evidence on

---

1. "All grounds for relief claimed by a petitioner under this remedy must be raised by a petitioner in his original or amended petition, and any grounds not so raised are waived unless the State or Federal Constitution otherwise requires or any justice on considering a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. * * *"

2. § 5502. "Any person convicted of a crime * * * may institute a petition * * *."

3. § 5503. "The proceeding shall be commenced by filing with the clerk of the Superior Court in the county where the conviction took place an original petition and 2 copies * * *."

that petition, and while the door was open to a motion to amend the grounds for relief.

Petitioner equates the reasonability of raising the infirmities of the Androscoggin conviction in the January 1968 petition with the existence of decisonal law (*Green, supra*) guaranteeing his success. So tested, the reasonability of 98% of the issues raised by petitions for post conviction relief would be suspect. The collateral effect of the Androscoggin conviction on the Penobscot sentences was as apparent in January 1968, and continuously thereafter while that January petition was pending, as it was in April 1969, and petitioner was obligated to plead it at that time (1968). His right to plead it was guaranteed by § 5502 and in no way dependent upon *Green, supra*. By failing to plead it, he waived his right to later raise the point, but not the right of sentence adjustment subsequently recognized in *Green, supra*, of which he urges no knowing and intentional abandonment under Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.

We find no constitutional requirements which operate under § 5507 to cancel petitioner's waiver, but we have examined the complaints aimed at the Androscoggin conviction, find that they are addressed to the sufficiency of the indictment charging grand larceny and find that indictment to be entirely sufficient as a matter of law. Court appointed defense counsel is not to be faulted for recognizing it as such. Petitioner's sentence was within statutory limits, his execution in confinement after revocation of parole of the unexpired portion of the Androscoggin sentence was mandatory (34 M.R.S.A. § 1676) and deferment for the same period of the beginning of execution of the Penobscot sentences was automatic and mandatory.

Appeal denied.

WEBBER, and WEATHERBEE, JJ., did not sit.