**Richard LIZOTTE**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

July 9, 1971.

---

William P. Niehoff, Waterville, for appellant.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for appellee.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

POMEROY, Justice.

A single issue of law is presented by this appeal from the denial of a petition for habeas corpus post-conviction.

The allegations of the petition sound as a petition for declaratory judgment. Dec-larations of the nature here sought are available under our post-conviction statute, 14 M.R.S.A. § 5502 et seq.

Higgins v. Robbins (Higgins v. State), Me., 265 A.2d 90.

The question we are asked to answer is: What is the commencement date of the service of the sentences imposed by a Justice of the Superior Court in State v. Richard Lizotte, Kennebec Criminal Docket #3377 and State v. Richard Lizotte, Kennebec Criminal Docket #3546?

We sustain the determination of the single Justice and deny the appeal.

The facts are stipulated.

On November 10, 1967, Lizotte was sentenced to serve not less than two and one-half nor more than five years in the Maine State Prison after his conviction of the crime of larceny (felony). His appeal from the judgment so entered was seasonably filed and prosecuted. This appeal was denied, January 29, 1969, State v. Lizotte, Me., 249 A.2d 874.

On July 31, 1968, he was again sentenced to serve not less than two and one-half nor more than five years in the Maine State Prison, after a verdict of guilty returned by a jury on an indictment charging him with uttering a threatening communication, 17 M.R.S.A. § 3701. This sentence specified it was to be served "non-concurrent with any other sentence." Again an appeal seasonably followed. This appeal was denied August 8, 1969, State v. Lizotte, Me., 256 A.2d 439.

In case bearing Kennebec Criminal Docket #3377 the petitioner (then the appellant) acting agreeably to Rule 38, Maine Rules of Criminal Procedure, elected not to commence service of the sentence and was admitted to bail. He, therefore, did not enter Maine State Prison in execution of the sentence of November 10, 1967, until February 15, 1969.

In case bearing Kennebec Criminal Docket #3546 he failed to give bail pend-

ing appeal and he was, therefore, committed to the Maine State Prison on August 2, 1968, pursuant to the judgment entered July 31, 1968. It is thus apparent he commenced service of the sentence imposed second in point of time, substantially before his appeal from the judgment first entered was decided.

He now contends that because of the order in which the sentences are being served, the condition in the sentence of July 31, 1968, that it was to be "non-concurrent with any other sentence," was ineffective and the two sentences must be considered to run concurrently.

15 M.R.S.A. § 1702 provides in part: "The court shall rule, and in appropriate cases shall state in the judgment that the terms of imprisonment shall be served concurrently or consecutively * * *."

Further it provides: "In the event the court fails so to rule or state, said sentences shall be served concurrently."

We view the Petitioner's reasoning as specious.

Both the statute and the decisional law, (Cressey v. State, 161 Me. 295, 211 A.2d 572, and State v. Jones, 250 Or. 59, 440 P.2d 371 (1968)), recognize it is within the power of the Court to order sentences served consecutively.

Even if we would construe the statute to contemplate only a situation where an accused is convicted of two or more Counts in one indictment or convicted on two or more indictments in the same term,[1] the Court has an inherent power not dependent upon any statute to determine that a sentence imposed shall be served consecutively to a sentence imposed earlier and this is so whether the two sentences were imposed by the same Court or by different Courts so long as both sentences are imposed by Courts within this jurisdiction.

Delk v. Commonwealth, Ky., 285 S.W.2d 169, 57 A.L.R.2d 1406.[2]

The Justice who imposed the sentence on July 31, 1968, was authorized to determine whether he wished to make that sentence run concurrently with any sentence previously imposed or consecutively to any such sentence. He made it clear by stating in the judgment the sentence thus imposed was to run "non-concurrent" with any other sentence, i. e., consecutively to any other sentence earlier imposed. This determination must be given effect even though he is first booked into the prison as serving the sentence imposed secondly in point of time.

Dunn v. Page, Okl.Cr., 450 P.2d 226 (1969).

The Petitioner argues the conviction of the crime of grand larceny did not become final until the judgment of guilty had been affirmed by the Law Court on his appeal. In the sense in which he uses the word "conviction" we must agree.

Donnell v. Board of Registration of Medicine, 128 Me. 523, 149 A. 153.

We are not concerned with when the conviction became final.

The issue is an interpretation of the *sentence imposed*.

The record is clear that the sentence was imposed in the larceny case prior to the sentence imposed for violation of 17 M.R.S.A. § 3701.

When the latter sentence was imposed, the Court ruled it was to be served "non-concurrent with any other sentence."[3]

---

1. We do not so construe the statute.

2. The statute there under consideration is remarkably similar to 15 M.R.S.A. § 1702.

3. We interpret this to mean non-concurrent with any other sentence *previously imposed*. He would have no right to declare the sentence was to be served with any other sentence *subsequently imposed*. The statute speaks of "the terms of imprisonment." This presupposes the existence of a previously imposed sentence at the time the Court rules and in appropriate cases endorses on the mittimus that the "terms of imprisonment" shall be served concurrently or consecutively.

This he had a right to do under the express authority of 15 M.R.S.A. § 1702 and his ruling must be given effect.

The Single Justice determined that both sentences must be served. Such decision was correct.

The entry must be,

Appeal denied.

"While the provision of the federal sentence that it should run 'consecutively with any sentence imposed by any other court, for any other offense,' might be construed to include future convictions, the propriety of such a construction to petitioner's prejudice would be questionable."
In Re Stoliker, 49 Cal.2d 75, 315 P.2d 12 (1957).